Day, J.
 

 Two questions are raised by this demurrer.
 

 1. Was the general order made by the Commission relative to scaffolds, known as the Safety Scaffold Code, promulgated within the time pre
 
 *424
 
 scribed by law, pursuant to Sections 871-26 and 871-34, General Code ? The former reads:
 

 “All general orders shall take effect within thirty days after their publication. Special orders shall take effect as therein directed. ’ ’
 

 We are advised by counsel in argument that the general order in question was made December 26, 1923, to become effective on January 1 following.
 

 The petition discloses that the accident in question happened on January 11,' 1924, less than 30 days from the date of the general order relative to scaffolds.
 

 It is the claim of the Commission that the language of Section 871-26, “shall take effect within thirty days,” means any period of time fixed by the Commission not over 30 days from the date of said order.
 

 We doubt the correctness of this construction, in view of the fact that the sentence following the provision as to general orders in that section, to wit, “special orders shall take effect as therein directed,” gives to the Commission in that species of orders the power to fix the time when they may become effective, while as to general orders this power in the Commission seems to be withheld, and from the nature of the effect of the order being state wide and generally effective the language “within thirty days” would seem to mean within a period of not less than 30 days after its publication; the purpose doubtless being to grant sufficient time for all employers and employes to learn of the general order in question and the period of 30 days from publication would
 
 *425
 
 be none too long for that purpose. The Legislature has granted to the Commission, whenever a lesser period of time is necessary, the authority to fix the time by the granting of a special order in which it may fix such time as in its discretion may seem best.
 

 We have therefore reached the conclusion that the demurrer, in so far as it goes to the effect of the period of time within which the general order as to scaffolds should become effective, must be overruled, and the petition in that regard held to be good.
 

 2. The second question involved is the right of this plaintiff to maintain this action; it being the claim of the Commission that the remedy of the plaintiff, if any, is by way of injunction and not by way of direct review by this court under Section 871-38, General Code. So much of Section 871-38 as is pertinent recites:
 

 “Any employer * * * being dissatisfied with any order of the Commission may commence an action in the Supreme Court of Ohio, against the Commission as defendant to set aside, vacate or amend any such order on the ground that the order is unreasonable or unlawful and the Supreme Court is hereby authorized and vested with exclusive jurisdiction to hear and determine such action.”
 

 Now this action involves a construction of Section 35, Article II, of the Constitution of Ohio, which became operative January 1, 1924, relative to an injury due to the failure of an employer to comply with any specific requirement for the protection of the lives, health, and safety of em
 
 *426
 
 ployes, and the addition of a penalty of not greater than 50 per cent, when such violation is. shown.
 

 . Having- reached the conclusion that the safety scaffold order would not become effective until after 30 days from its publication — and until it became effective there could be no violation of the same — an order of the Commission finding- a violation within a lesser period than 30 days would therefore be unlawful as to the employer. Hence we reach the conclusion that Section 871-38, General Code, is ample to permit the plaintiff to maintain this action.
 

 Under the facts in
 
 Gatton
 
 v.
 
 Industrial Commission,
 
 93 Ohio St., 203, 112 N. E., 503, and
 
 Pittsburg Coal Co.
 
 v.
 
 Industrial Commission,
 
 108 Ohio St., 185, 140 N. E., 684, this court reached the conclusion that its jurisdiction was not sufficient, under Section 871-38, General Code, to permit those actions to be maintained, the plaintiffs having other remedies, but in this case what is here complained of is the unlawfulness of the order of the Commission with respect to the specific requirements as applied to the plaintiff, and this order of the Commission was adopted by virtue of the authority vested in it under Sections 871-22, 871-25, 871-26 and 871-34, General Code, all of which precede Section 871-38.
 

 In the
 
 Gatton case
 
 it was held that orders made pursuant to the provisions of these subsections preceding subsection 38, being parts of the Industrial Commission Act, rather than of the Workmen’s 'Compensation Act, were reviewable under the provisions of Section 871-38. At page 207 of the
 
 Gatton case
 
 (112 N. E., 504) the court says:
 

 
 *427
 
 “Section 38 provides that any employer or other person in interest being dissatisfied with any order of the Commission may commence an action in the Supreme Court of Ohio against the Commission as defendant, to set aside, vacate or amend any such order, on the ground that the order is unreasonable or unlawful, and the Supreme Court is vested with exclusive jurisdiction to hear and determine such action. The proceeding authorized by this section is manifestly one which calls in question the reasonableness or lawfulness of an order of the Industrial Commission touching the matters referred to in the preceding sections.
 

 “The plaintiff in this case seeks to invoke the original jurisdiction, of this court under the provisions of the section (38) just referred to. As pointed out heretofore, his right or claim on account of the injury which he has suffered is fixed by the provisions of a different enactment entirely.”
 

 Gatton’s rights were to be measured by the Workmen’s Compensation Act (Sections 1465-37 to 1465-108, General Code).
 

 The plaintiff here is not seeking a review of the award of compensation under the Workmen’s Compensation Act, as provided by Section 1465-37
 
 et seq.
 
 To review such questions other remedies are provided, as is held in
 
 Pittsburg Coal Co.
 
 v.
 
 Industrial Commission, supra,
 
 but the sole and only question involved in this action relates to whether or not the order of the Commission in respect to the specific requirement was unlawful for the reason that the same did not become effective until after the period of 30 days from its
 
 *428
 
 publication, as provided in Section 871-26; tbe contention being a claimed violation of the Industrial Commission Act and not of the Workmen’s Compensation Act.
 

 Having reached the conclusion that such order would not be effective until after 30 days, we therefore find the same to be unlawful, and hence, no question of amount of compensation or penalty being involved, the application of the
 
 Pittsburg Coal Co. case
 
 to this case is not in point.
 

 Entertaining the view that this court has jurisdiction to hear and determine the lawfulness of the order of the Commission, made and attempted to be enforced under the provisions of the Industrial Commission Act, and that the order in question was not lawful, it follows that the demurrer to the petition must be overruled.
 

 Demurrer overruled.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.