Jones, J.
 

 Slatmeyer filed his petition in error in this court, asking for the vacation of an order made by the Industrial Commission, wherein it determined that one of his employes met his death because of the violation by plaintiff in error of a specific requirement; and wherein, because of that determination, it granted an additional award of compensation in an amount equal to 50 per cent, of the original compensable award. To this petition in error the Industrial Commission filed a general demurrer. The cause was submitted to this court upon that demurrer.
 

 The demurrer interposed to the petition in error herein requires the interpretation of Section 35, Article II, of the Ohio Constitution, as amended in 1923, respecting the finality of the Industrial Com
 
 *656
 
 mission’s decision relating to compliance with specific requirements. So much of the amended constitutional section as is germane thereto reads as follows:
 

 “Such hoard shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final. ’ ’
 

 The paramount question to be determined by this court is: To what extent is the commission’s decision final respecting specific requirements, and does that finality of decision extend to both questions of fact and questions of law?
 

 The language of the amendment is the pole-star of this interpretation. Under it the commission has been given full power and authority
 
 “to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement.”
 
 We are of the unanimous opinion that upon that question of fact the decision of the commission is final; but its'finality extends only to the determination whether, in fact, the injury, etc., resulted because of the failure to comply with such specific requirement. The state having created, under its Constitution, a board of awards for the determination of that question of fact, there is no violation of the due process clause in failing to provide - a judicial review upon that specific feature. The
 
 *657
 
 Constitution has committed that question to the exclusive jurisdiction of the Industrial Commission, sitting as a board of awards.
 

 Does the finality of the commission’s decisions extend to questions of law, arising in a proceeding where an additional award is imposed for failure to comply with such specific requirement? In this respect this court holds that it does not. The language of the Constitution is plain. The commitment of finality extends only to the single question of fact to be heard and determined. While the constitutional amendment may have contemplated that the industrial tribunal could dispose of a question of fact as well as a court constituted for that purpose, it no doubt recognized that upon legal, fundamental, or jurisdictional questions, action by a court would be necessary. At all events, no legal questions were committed by the Constitution to the final jurisdiction of the commission. If the original award as well as the added per centum were both attacked by the employer, there is no doubt that the employer would have the right to prove that the employe was not an employe, and that he was not injured at all, or, if injured, that it was by self-infliction, or that the injury did not arise within the course of his employment; and, if successful in either, the basis of the employe’s claim having failed, naturally the added per centum could not be imposed. However, if there was no attack by the employer upon the original award, but the attack was confined solely to the imposition of the added per centum, the constitutional amendment does not
 
 *658
 
 deny the right of the employer to question the added award upon jurisdictional, legal, or constitutional grounds. If the added per centum were imposed where no specific requirement was “enacted by the General Assembly or in the form of an order adopted by such board,” manifestly the commission’s finding of failure to comply would be illegal; or if in any manner the jurisdiction of the commission in respect to a specific requirement were attacked, that as well as other legal questions would still remain within the jurisdiction of the courts for the purpose of review, and a denial of judicial process in those respects would be a denial of due process.
 

 A question of procedure, however, is presented by the record. The plaintiff in error in his petition in error has invoked the jurisdiction of the Supreme Court under Section 871-38, General Code, in a case attacking solely the imposition of the added per centum of 50 per cent, upon the award originally made. This court has heretofore held in several cases that an action brought for the purpose of reviewing awards made under the Workmen’s Compensation Act cannot be brought under Section 871-38, General Code. The imposition of the added 50 per cent, is an award just as much as is the original award. The Constitution refers to the added per centum as an
 
 “additional award.”
 
 It follows, therefore, that, both being denominated awards by the constitutional amendment, the former decisions of this court require that under the Workmen’s Compensation Act fundamental, legal, or constitutional features challeng
 
 *659
 
 ing the right to recover the additional award or per centum can be tried in a suit brought for its recovery, wherein the question of fact, the finality of which has been committed by the recent amendment to the commission for determination, is excluded.
 

 In the case of
 
 Pittsburg Coal Co. v. Indus. Comm.,
 
 108 Ohio St., 185, 140 N. E., 684, following our previous decisions, this court held that an award cannot be reviewed under Section 871-38, General Code, but that the employer has an adequate remedy under Section 27 of the Workmen’s Compensation Act (Section 1465-74, General Code), when sued for the compensation or award fixed by the board, whereby any fundamental, legal, or basic questions may be determined, and whereby the employer “may contest all jurisdictional facts necessary to be determined by the commission before making an award for compensation.” This decision was based upon the
 
 Fassig
 
 and
 
 Gatton cases
 
 previously decided by this court, which cases are referred to in the
 
 Pittsburg Coal Co. case.
 

 Five months later, in a case where the employer was sued for the amount of an award, together with an added 50 per cent, penalty, this court fully sanctioned the remedy employed in the
 
 Pittsburg Coal Co. case, supra,
 
 and determined the constitutional validity whereby the penalty was imposed.
 
 De Witt
 
 v.
 
 State ex rel. Crabbe, Atty. Gen.,
 
 108 Ohio St., 513, 141 N. E., 551.
 

 It is sought to invoke the case of
 
 Clemmer & Johnson Co.
 
 v.
 
 Indus. Comm.,
 
 112 Ohio St., 421, 147 N. E., 518, as an authority for bringing this cause
 
 *660
 
 by direct action .under Section 871-38, General Code. That section of the Code is found in chapter 9a of division 2, of title 3, of Page’s Annotated Code, chapter 10 of division 2, of title 3, of Throckmorton’s Annotated Code, Section 38 of the Industrial Commission Act (103 O. L., 95), whereby a review of the orders of the commission may be made under the provisions of that chapter. This action is determined by the Workmen’s Compensation Act, whereby, under chapter 28b of division 2, of title 3 of the Code, it is sought to review an award made by the commission sitting as a state liability board of awards under the Workmen’s Compensation Act. In the
 
 Clemmer & Johnson Co.
 
 v.
 
 Indus. Comm. case, supra,
 
 the distinction was clearly made between that case and the
 
 Catton
 
 and
 
 Pittsburg Coal Co. cases, supra.
 

 Many reasons might be suggested why Section 871-38, General Code, is not remedially available under the Workmen’s Compensation Act.
 

 1. That section gives an “employer, or other person in interest,” who is dissatisfied with the commission’s order, the right of a direct action in the Supreme Court. The employe is as much interested in the decision of the commission as is the employer, but no one can consistently urge that the employe can avail himself of the remedy under that section, for the reason that a specific remedy is provided by Section 1465-90, General Code, by an appeal to the common pleas court from an adverse decision of the commission. It is not conceivable that after such adverse decision, a claimant could prosecute error thereto to the
 
 *661
 
 Supreme Court, and also take an appeal to the common pleas court under Section 1465-90, General Code. The adoption of the specific remedy given by the latter section negatives the employment of any other remedy.
 

 2. Under Section 1465-90, General Code, the employe is given the right to appeal to the common pleas court from a basic decision of the commission. Thereby he may acquire the judgment of the common pleas, the Court of Appeals, and the Supreme Court, while under the construction contended for here by the plaintiff in error the employer would be given but one right of review, and that under Section 871-38, General Code. It is impossible to construe these sections in such a manner as to grant to the employe the processes of three courts and to the employer the process of but a single court.
 

 3. But there is a more forceful reason than either of the two preceding for the denial of the application of Section 871-38, General Code, to specific requirement awards. Under our former decisions, heretofore alluded to, the employer must await suit for recovery of the award.
 
 Pittsburg Coal Co.
 
 v.
 
 Indus. Comm.,
 
 and other cases,
 
 supra.
 

 Now let us assume that an injured employe has filed his claim for injuries based upon the violation of a specific requirement, and that the employer defends upon a basic ground that the injury was self-inflicted, or that it was not sustained in the course of employment; that, notwithstanding the defenses of the employer, the commission finds in favor of the claimant, grants him an award, and
 
 *662
 
 imposes an additional penalty or award for violation of the specific requirement. This is done, of course, in a single proceeding before the commission. What is the employer to do? Must he split his defenses into separate suits? Must he await suit for recovery of the principal award under Section 1465-74, General Code, as decided in the
 
 Pittsburg Coal Co. case?
 
 Must he institute error in a separate and direct action under Section 871-38, General Code, because of the imposition by the commission of the additional award? Since both the award and the additional award were granted in a single proceeding before the commission, harmony of procedure would require that the employer should await suit for the collection of both the award and the additional award, and in that suit stand upon his defenses, which, if sustained by the court, would bar recovery of both the award and the additional award so imposed. In such suit, if the injury was found to be self-inflicted, or not sustained in the course of employment, necessarily both the award and the additional award, depending thereon, imposed by the commission, would be invalid. Thus, in a single suit, questions of law and fact would be available to both parties, save only the question of fact which the constitutional amendment has placed within the final jurisdiction of the commission as herein indicated. It can readily be perceived that often the real defenses against the imposition of the added award might rest upon the insistence of the employer that the commission should not allow any award; if so, of course, no additional award
 
 *663
 
 •would be available under the constitutional provision.
 

 Disposing of the remedial question only, we hold that the plaintiff in error cannot invoke the jurisdiction of this court under Section 871-38, G-eneral Code, for the purpose of attacking the added award, and for that reason only the demurrer to the petition in error will be sustained. Any legal questions that he may have respecting the added per centum, not involving such questions of fact, over which the commission has final jurisdiction, may be decided in an action to recover the amount of the added compensation or award fixed by the commission.
 

 Demurrer sustained.
 

 Matthias, Day and Kinkade, JJ., concur.
 

 Robinson, J., concurs in proposition 1 of the syllabus, but not in proposition 2, nor in the judgment.