Marshall, C. J.,
 

 dissenting. . I am in accord with the first paragraph of the syllabus which declares that the amendment to Section 35 of Article II of the Constitution, which became effective January 1, 1924, confers final jurisdiction upon the Industrial Commission to determine only questions of fact, and that all questions of law which are such as are usually denominated justiciable are entitled to a judicial review.
 

 I emphatically dissent from the second syllabus, which disposes of this proceeding upon procedural
 
 *664
 
 grounds resulting in the dismissal of the proceeding.
 

 The conclusion reached by the majority is that the court has no jurisdiction over such a controversy under the provisions of Section 871-38, General Code, and, while I deny this proposition, I insist that, the majority of the court having so declared, the court had no right thereafter to lay down any alleged principles of law for the purpose of advising parties how they might proceed in some other action, and declaring the principles of law which would govern such other proceeding, or to definitely pass upon the procedure in such other proceeding. Unless it be conceded that this court has the right to enter declaratory judgments, all such extraneous discussion should await the submission to this court of some controversy in which those questions are directly involved and in which they are material to the disposition thereof.
 

 This opinion, having the concurrence of a majority of the members of this court, authoritatively determines that this court will not entertain jurisdiction to review an order of the commission in the imposition of a penalty based upon the failure to observe a specific requirement, by virtue of Section 871-38, General Code, but the further declarations of the majority opinion on questions of practice, and by way of advising employers to wait an action to recover such penalty in some court of general jurisdiction, and further advising employers that they may make certain valid defenses thereto, are purely
 
 obiter,
 
 and all such expressions are likely to become a source of considerable em
 
 *665
 
 barrassment to this court in future cases. This court should not make such declarations, because the questions have not been argued by counsel in the instant case, and, even if they had been so argued, they would not foreclose serious argument of counsel in future cases in which the same questions will be involved and in which the parties will have a controversy involving rights of property to which those principles will be directly applicable. That all such principles should not be declared in an
 
 obiter
 
 statement, thereby foreclosing parties in future controversies, is a principle too well settled to require serious discussion.
 

 It is true that in the case of
 
 Gatton
 
 v.
 
 Indus. Comm.,
 
 93 Ohio St., 203, 112 N. E., 503, this court held that a disappointed workman, after having failed to get the relief he sought before the Industrial Commission, could not have a review of the Industrial Commission’s order in this court under Section 871-38, General Code, but that decision was based solely upon the right of appeal which was given to the injured workman to carry his case to the court of common pleas. That remedy not having been pursued by the workman, he was properly denied a review in this court. In the case of
 
 Fassig
 
 v.
 
 State ex rel. Turner, Atty. Gen.,
 
 95 Ohio St., 232, 116 N. E., 104, referred to in the majority opinion, there had been a recovery by an injured workman, before the Industrial Commission, against an employer who was not a contributor to the state insurance fund, and who had not been granted the privilege to directly compensate his injured employes. This case was decided in
 
 *666
 
 1917, and by unanimous concurrence of the court as then constituted. After recovery of a finding by the commission, an action was brought under Section 1465-74, General Code, to recover the award for the benefit of the injured employe, and this court held that the employer might defend and that he might make any defense except as to the amount of the award, but that as to the amount the determination of the commission was final. There is some discussion in the opinion by way of interpretation of Section 1465-74, which reads into that section certain provisions which the Legislature never expressed. There is no occasion, however, for criticizing that decision in the instant case, because Section 1465-74 relates only to the kind and character of awards referred to in that section, to wit, where the employer is not insured, and where the employer is a self-insurer. That authority can, therefore, have no bearing upon the instant controversy.
 

 The next case referred to in the majority opinion is that of
 
 Pittsburg Coal Co.
 
 v.
 
 Indus. Comm.,
 
 108 Ohio St., 185, 140 N. E., 684. In that case an award had been made by the Industrial Commission against an employer, and, without waiting for the Attorney General to bring an action under Section 1465-74, the employer filed an action in this court under Section 871-38, General Code, and by a divided court it was held that this court had no jurisdiction to review the award of the Industrial Commission under that section, and in the second paragraph of the syllabus the court again declared that Section 1465-74 provided an adequate remedy,
 
 *667
 
 and declared that the employer might contest all jurisdictional facts which it was necessary for the commission to determine in making an award of compensation. Again we say that this court was reading something into Section 1465-74 which the Legislature had never expressed, and again we say that it is not necessary to complain of that decision of this court, in the instant controversy, because it has no necessary application thereto.
 

 The next case referred to in the majority opinion is
 
 De Witt
 
 v.
 
 State ex rel. Crabbe, Atty. Gen.,
 
 108 Ohio St., 513, 141 N. E., 551. It is said that this court fully sanctioned the remedy employed in the
 
 Pittsburg Coal Go. case.
 
 The answer to that statement is that only two members of this court concurred in the third syllabus where the declaration was made, and Marshall, C. J., Robinson, Jones, Matthias, and Day, JJ., dissented therefrom. Even if the proposition had been so decided in the
 
 De Witt case,
 
 it is wholly dissimilar to the present controversy. All of the foregoing cases were proceedings to bring under review an award of the commission for compensation to an injured employe, where no element of failure to observe a specific requirement was involved.
 

 In the case of
 
 Clemmer & Johnson Co.
 
 v.
 
 Indus. Comm., 112
 
 Ohio St., 421, 147 N. E., 518, there was involved for the first time in this court the question of the right to review an award of the Industrial Commission for the failure to observe a specific requirement, under Section 35 of Article II of the Constitution, which became effective January 1, 1924, and this court, by unanimous concur
 
 *668
 
 rence, distinguished such a case from all the other cases theretofore decided, and overruled a demurrer to the petition and thereby entertaind jurisdiction of the proceeding, which was filed under Section 871-38, General Code. It is true, as stated in the majority opinion, that the judgment was based upon
 
 a
 
 determination of the illegality of the “specific requirement” upon which the Industrial Commission based its award. The case was, therefore, on all fours with the instant case; it being claimed by the employer, and it being decided by this court, that a legal question was involved, and that the judgment of the commission was not final, but that it must be reversed becausé of its erroneous determination of a legal question. The Clemmer & Johnson decision, supra, was in every sense sound in distinguishing that case from the former decisions of this court, and it was equally sound in holding that where a legal question is involved this court should entertain the proceeding, under Section 871-38, and set aside and vacate the award of the commission, on the ground of being unlawful. Having definitely distinguished the Clemmer & Johnson case from the former decisions, and having declared by unanimous concurrence of the members of this court that Section 871-38 does confer jurisdiction upon this court to review awards of the commission, under the recent' constitutional amendment, this court, by the present decision, has shown a decided trend toward judicial instability in addition to declaring what I conceive to be an unsound principle.
 

 Even if this court could rightfully declare that
 
 *669
 
 two remedies are open to the employer, affording relief against an unreasonable and an unlawful award, and even though the court might choose to decline to entertain jurisdiction under Section 871-38, and elect to remit the employer to a remedy by way of a defense to an action brought under the alleged authority of Section 1465-74, it would be disastrous to the employers of the state, and would place them at the mercy of the Industrial Commission. Any employer who is insured would be compelled to pay the award under penalty of having his insurance revoked, and, even though he might feel reasonably sure of being successful in defending an action to recover the money, he would hardly dare to incur the risk of being without insurance during the months or possibly years during which the case might straggle through the courts. And, even though he might eventually be successful in resisting such an action and be restored to his rights to state insurance, no employer could afford to be without such protection during the interim. The situation would be even more disastrous to those who are permitted to carry their own risks under authority of the statute. These fears are not merely problematical. They have become quite real, and have been demonstrated by the decision of this court announced on March 16, 1926, in cause No. 19376,
 
 State, ex rel. Firestone Tire & Rubber Co.
 
 v.
 
 Indus. Comm.,
 
 114 Ohio St., 702, 152 N. E., 656. In that ease the Industrial Commission threatened to revoke the authority of the Firestone Company to carry its own insurance, and, upon that company prosecuting a prohibition suit in this
 
 *670
 
 court, the writ was denied, and properly so, on the ground that prohibition does not lie in such case. This court having declared in that case that the writ of prohibition does not afford a remedy, it has been extra judicially suggested in the instant case that the writ of mandamus might be available to compel the Industrial Commission to receive premiums, and to continue the authority to self-insurers, pending a determination of the validity of the award of the commission. It requires no argument to show that the writ of mandamus is not available, because it can only be invoked to enforce a clear legal right, and there can be no clear legal right, because the statute specifically gives the commission power to revoke insurance upon the failure of an employer to comply with an order of the commission. It has also been suggested that the commission could be enjoined from revoking the insurance of employers. Again the statute denies the right of any court to issue an injunction against any order of the commission, and, inasmuch as the Legislature has undisputed power to define the extent of the jurisdiction of courts of common pleas, it has a right to take away the jurisdiction in matters of injunction, and it is equally undeniable that Courts of Appeals and the Supreme Court have no power to enjoin. Even if those remedies were available, they would only be ancillary, and could do no more than hold the matter
 
 in statu quo
 
 until the main question of the right to recover upon the award of the commission should be determined.
 

 The injustice of any decision that there can be no direct review of the award of the commission is
 
 *671
 
 further shown by the fact that the Constitution itself provides that an award must be paid out of the state insurance fund, and that afterward the fund may be recouped by collections from the employer. In the event there should be no recovery in an independent action, the fund, and therefore other employers, would be compelled to pay awards of such delinquent employer. This is a potent additional reason why there should be a final determination of the award of the commission, in a direct review, before any payment should be made to the injured employe.
 

 If the award of the commission is reviewed under Section 871-38, there will be a prompt and final determination of the legality of the award, and, in the course of a few months at the farthest, the claimant can receive the amount of the award, while, on the other hand, if it is left for a suit to be brought in the trial courts of any one of the 88 counties of the state, it would probably be two years before the case could run the gauntlet of all the courts and become a finality. While this court has in an
 
 obiter
 
 statement declared that an employer can defend an action to recover, this court has not declared in detail the different defenses that may be open, neither can this court declare in advance the functions of the jury in such proceedings, and it is conceivable that the way is open for bringing to this court for review literally hundreds of difficult legal questions of procedure and practice, as well as disputed legal principles, with the accompanying duty of rendering uniform the 88 varieties of determinations of such questions of prac
 
 *672
 
 tice, procedure, and substantive law as may be declared by the 88 counties of the state while they are floundering in the “slough of despond” in which the majority opinion in this case has enveloped them.
 

 During the two and one-half years since this amendment went into effect, only four cases have come to this court, and it will not involve this court in very much labor to finally determine a few legal principles for the guidance of the commission. But, even if this court should be involved in a number of cases before these principles become settled and the limitations of the authority of the commission carefully defined, this court should willingly assume the burdens.
 

 A more potent reason than any of the foregoing why the majority opinion is unsound is that any defense to an action in a collateral proceeding to recover an award from an employer would be a collateral attack upon a judgment, and, unless it can be shown that the award is a void order, there can be no collateral attack. The principle that judgments cannot be collaterally impeached for irregularities or errors in their rendition, in which the jurisdiction of the cause or of the parties was not involved, is too well settled to admit of argument or require citation of authority. Any judgment which might be set aside or annulled on a proper direct appeal or error proceeding, but where the court had jurisdiction of the cause and of the parties, is not subject to collateral impeachment so long as it stands unreversed and in force. It is equally well settled by universal authority that the rule applies even though no provision is made for
 
 *673
 
 a review. It is equally well settled that the principles of immunity from collateral attack apply to the determination of state and county officers, or boards of officers, who, although not constituting a court, are called upon to act judicially in matters of administration, such as boards of county commissioners, boards of land commissioners or railroad commissioners, city councils, highway officials, school boards, election contest tribunals, state boards of equalization, police boards, immigration officers, and local draft boards.
 

 To declare, as the majority opinion does declare, that a collateral attack may be made upon the award of the Industrial Commission by defending an action brought to recover the award, and that in such an action the employer may raise any legal question, even though the same may not be jurisdictional, is to place this court in an isolated position as declaring something which is absolutely contrary to the decisions of every other court in the country, including the United States Supreme Court, and contrary to previous decisions of this court. Clearly this court has a right to take that position if it believes all other courts to be wrong and believes the former decisions of this court to be wrong, but surely such a declaration should not be made as an
 
 obiter
 
 statement, or as a declaratory principle, where it is not directly involved in the controversy under consideration.
 

 The foregoing principles on the subject of collateral attack upon judgments are not controverted by any of the members of this court who concur in the majority opinion, and, of course, they cannot be
 
 *674
 
 controverted, because they are supported by the uniform and uncontradicted pronouncements of hundreds of cases.
 

 In leaving the employers of the state without a remedy, this court has been compelled to resort to judicial legislation by reading matter into Section 1465-74, General Code, which the Legislature did not incorporate in the section, and apparently had no intention of doing, and has applied the provisions of that section to subjects having no reasonable relation to the subject-matter of that section. This court has had this matter under consideration approximately seven months since it was finally submitted for the court’s determination, and, having had the matter under careful consideration all of that time, I can see this matter in only one light, viz., that a great wrong has been done to the employers in remanding them to a defense in a separate suit to be brought for recovery of the penalty, when such defense must be limited to such matters as would tend to show that the order of the commission is absolutely void, in which action any erroneous conclusions of law declared by the commission could be no defense.
 

 Workmen’s compensation is compulsory in Ohio, and the penalty provided in Section 35 of Article II of the Constitution is an adjunct thereof. The most ample provision having been made for appeal by injured and killed employes, a denial of a direct review becomes a gross discrimination against employers. The Legislature never intended any such discrimination, and therefore enacted Section 871-38, General Code, which clearly provided for a
 
 *675
 
 direct review, and this court has so declared in the
 
 Clemmer & Johnson case, supra.
 
 The wrong committed by the majority opinion is therefore the more flagrant, because the discrimination is judicial rather than legislative.