### SWIFT & CO. v. SEE.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1957. Decided Feb. 1928.

Judges Hughes and Justice of the 3rd Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**631. INDUSTRIAL COMMISSION—85. Appeal.**

Where only question before commission is whether or not injury of claimant resulted because of failure of employer to comply with specific requirements imposed by sections of General Code in question, action of commission is final and claimant has no right to appeal to Common Pleas Court.

Error to Common Pleas.

Judgment reversed.

Chas. P. Carroll, Toledo, for Swift & Co.

James H. Boyd, Toledo, for See.

### STATEMENT OF FACTS.

Albert See, the defendant in error, was an employe of Swift & Company, the plaintiff in error. On Jan. 11, 1925, the defendant in error was injured, in the course of his employment, by falling down an elevator shaft in the employers' plant at Toledo, Ohio. Compensation was voluntarily paid by the employer until June, 1925, at which time payment was discontinued for the reason that the injured man was able to resume work. July 10, 1925, adjustment of the claim was made by the Commission, which ordered the employer to pay

two-thirds of the weekly wage, and such payments were made up to the time of the trial in the Court of Common Pleas.

July 10, 1925, the claimant filed, with the Commission, his application for allowance of additional compensation upon the ground that his injuries were caused by the failure of the employer to comply with specific requirements imposed by Section 1027, 871-15 and 871-16 of the General Code. This application was heard Sept. 23, 1925, on which date the Industrial Commission found that there was no violation of these sections as claimed, and denied the application. Due notice of the action of the Commission was given to claimant Sept. 26, 1925. Oct. 2, 1925, the claimant filed, with the Industrial Commission, an application for rehearing of his application for additional compensation. Nov. 4, 1925, the Industrial Commission found that a rehearing on such application was not warranted and denied such application. Due notice of the action of the Commission was given to the claimant Nov. 7, 1925. Nov. 30, 1925, claimant filed, in the Court of Common Pleas of this county, notice of his intention to appeal from the finding of the Industrial Commission, denying his application for additional compensation by reason of the employer's failure to comply with the specific requirements imposed by the sections referred to above.

The first step taken by plaintiff in error in the Common Pleas Court was to file a motion to quash the appeal. One of the grounds of the motion was that the finding and order of the Industrial Commission was final and that no appeal would lie therefrom. This motion to dismiss was overruled and, upon trial, a verdict was returned in favor of the claimant for additional compensation. Judgment was entered thereon and this proceeding in error is brought to reverse that judgment.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

WILLIAMS, J.

It is apparent that a question of fact was presented for determination. Under Section 35 of Article II of the Ohio Constitution quoted above, full power and authority was given the Industrial Commission of Ohio to hear and determine "whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes enacted by the General Assembly." In making such determination a question of fact is presented to the Commission and the decision of that question of fact is final. Slatmeyer v. Indust. Comm. 115 OS. 654. We quote from the opinion in the case as follows:

"The language of the amendment (Section 35 of Article II of the Constitution as it now stands) is the pole star of this interpretation. Under it the commission has been given full power and authority 'to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement.' We are of the unanimous opinion that upon that question of fact the decision of the commission is final; but its finality extends only to the determination whether, in fact, the injury, etc., resulted because of the failure to comply with such specific requirements."

The only question before the commission was whether or not the injury of claimant resulted because of the failure of the employer to comply with the specific requirements imposed by the sections of the General Code in question. The action of the Industrial Commission was therefore final and the claimant had no right to appeal to the Common Pleas Court. It follows that the Court of Common Pleas erred to the prejudice of plaintiff in error in overruling the motion to quash the appeal.

The judgment of the Court of Common Pleas is therefore reversed and the cause is remanded with instructions to enter an order and judgment sustaining the motion to quash the appeal at the costs of the appellant.

(Hughes and Justince, J. J., concur)