## Ex Parte Jones.

### [72 South. 845.]

1. Constitutional Law. *Initiative and referendum amendment retroactive application. Habeas corpus. Appeal. Scope of review.*

   Under well-established rules of construction, the initiative and referendum amendment inserted in the Constitution by resolution adopted by the legislature March 29, 1916 (Laws 1916, chapter 159), should not be held to apply to statutes passed prior to its insertion in the Constitution, unless the words thereof admit of no other meaning and since section 3 of the amendment is incapable of having any except a prospective operation, being manifestly designed to apply to statutes thereafter enacted, chapter 103, Laws 1916, being passed prior to the insertion of such amendment is not affected thereby but continued in force from the date of its passage and will so continue until repealed by the legislature.

2. Habeas Corpus. *Appeal. Scope of review.*

   On an appeal by a petitioner for *habeas corpus* from a judgment declining to discharge him from custody, where the initiative and referendum amendment can have no effect upon the law under which appellant was convicted, its validity *vel non* is of no concern to him and the supreme court is not called upon to express an opinion relative thereto.

Appeal from the circuit court of Hinds county.

Hon. O. B. Taylor, Chancellor.

*Habeas corpus* proceeding on behalf of Sam Jones against Sam Nunnery, Chief of Police of the city of Jackson. From a judgment declining to discharge him from custody, Jones appeals.

Appellant was convicted of a violation of chapter 103, Laws 1916, being an act to restrict the traffic in intoxicating liquor and to limit the amount which may be ordered or held by a person within a given time. He instituted *habeas corpus* proceedings, and, upon being denied his liberty, he appeals.

*Vardaman & Vardaman,* for appellant.

*Wm. Memingway, L. C. Hallam* and *W. E. Morse,* for appellee.

Smith, C. J., delivered the opinion of the court.

This is a *habeas corpus* proceeding in which an appeal has been prosecuted from the judgment of the court below declining to discharge appellant from custody.

It appears from the agreed statement of facts that appellant was convicted, in the court of Hon. Luther Manship, police justice of the city of Jackson, for one of the misdemeanors defined by chapter 103, Laws 1916; all offenses punishable as misdemeanors under the laws of the state having been made offenses against the city of Jackson by an ordinance adopted by the city prior to the passage of the statute. It further appears from this agreed statement of facts that:

"Prior to the conviction of appellant a petition which complied in all respects with the requirements therefor had been filed with the secretary of state, praying that chapter 103, Laws 1916, be submitted to the electors of the state for ratification or rejection unnder the initiative and referendum amendment to the Constitution, which appears in the Laws of 1916 as chapter 159."

Chapter 103, Laws 1916, was approved by the governor on the 16th day of February, 1916, and the initiative and referendum amendment was inserted in the Constitution by resolution adopted by the legislature on the 29th of March, 1916.

The ground upon which it is sought to avoid appellant's conviction is that, upon the filing with the secretary of state of this petition, chapter 103 of the Laws of 1916 became inoperative, and must remain in abeyance until the vote thereon is taken at the approaching election, because of a provision in the initi-

ative and referendum amendment to the Constitution that all measures referred to a vote of the people by referendum petitions shall remain in abeyance until such vote is taken.

The contentions of counsel for the city are: First, that the provisions of the initiative and referendum amendment to the Constitution have no application to statutes passed prior to the time it was inserted in the Constitution; and, if mistaken in this, second, that the amendment itself is no part of the Constitution, being void for reasons not here necessary to set forth.

Under well-established rules of construction, the constitutional amendment here under consideration should not be held to apply to statutes passed prior to its insertion in the Constitution, unless the (words) thereof admit of no other meaning; and when we examine the amendment we find not only that it contains no words indicating that it applies to such statutes, but, on the contrary, that at least one of its provisions—section 3 thereof—is incapable of having any except a prospective operation, being manifestly designed to apply to statutes thereafter enacted. We hold, therefore, that the initiative and referendum has no application to statutes enacted prior to its insertion in the Constitution, that chapter 103, Laws 1916, is in full force and effect, has been since the date fixed by its enforcing clause, and will continue so to be until repealed by the legislature.

Since the initiative and referendum amendment can have no effect upon the law under which appellant was convicted, its validity *vel non* is of no concern to him; consequently we are not called upon to express an opinion relative thereto.

*Affirmed.*