By the Court.
 

 The paramount question in both
 
 *155
 
 of these eases is whether Section 35, Article II, of the Ohio Constitution, as amended November, 1923, effective January 1, 1924, was retroactive in effect, or whether its operation was prospective only. Other questions presented by the record have heretofore been passed upon by this court. ' See
 
 Kuhn
 
 v.
 
 Cincinnati Traction Co.,
 
 109 Ohio St., 263, 142 N. E., 370, and authorities therein cited.
 

 The court is of opinion that the amendment shows no language from which its retroactive character can be established, and unless there is language used in such amendment which discloses, either by terms or clear implication, that the same is retrospective, it will be held to be prospective in operation and that Kuhn’s rights, or those of his administratrix, were not affected thereby. As was said by Fuller, C. J., in
 
 Shreveport
 
 v.
 
 Cole,
 
 129 U. S., 36, 9 S. Ct., 210, 32 L. Ed., 589:
 

 “Constitutions as well as statutes are construed to operate prospectively only, unless, on the face of the instrument or enactment, the contrary intention is manifest beyond reasonable question.”
 

 The following cases sustain this position.
 
 McCarthy
 
 v.
 
 City of Tucson,
 
 26 Ariz., 311, 225 P., 329;
 
 Willcox
 
 v.
 
 Edwards,
 
 162 Cal., 455, 123 P., 276;
 
 Worswick Street Pav. Co.
 
 v.
 
 Ind. Acc. Comm.,
 
 181 Cal., 550, 185 P., 953;
 
 Strickler
 
 v.
 
 City of Colorado Springs,
 
 16 Colo., 61, 26 P., 313, 25 Am. St. Rep., 245;
 
 Conyers
 
 v.
 
 Comm’rs. of Roads and Revenues,
 
 116 Gra., 101, 42 S. E., 419;
 
 State
 
 v.
 
 Barbee,
 
 3 Ind., 258;
 
 State
 
 v.
 
 Thompson,
 
 2 Kan., 432;
 
 Pecot
 
 v.
 
 Police Jury,
 
 41 La. Ann., 706, 6 So., 677;
 
 City of Lansing
 
 v.
 
 Michigan Power Co.,
 
 183 Mich., 400, 150 N. W., 250;
 
 Ex parte Jones,
 
 112 Miss., 27, 72 So., 845;
 
 State ex rel. Scott
 
 v.
 
 Dirckx,
 
 211 Mo., 568,
 
 *156
 
 111 S. W., 1;
 
 Town of Cherry Creek
 
 v.
 
 Becker,
 
 123 N. Y., 161, 25 N. E., 369;
 
 Darling
 
 v.
 
 Miles,
 
 57 Or., 593, 111 P., 702, 112 P., 1084;
 
 Kirby
 
 v.
 
 W. U. Tel Co.,
 
 4 S. D., 105, 55 N. W., 759, 30 L. R. A., 612, 46 Am. St. Rep., 765;
 
 Prescott
 
 v.
 
 Duncan,
 
 126 Tenn., 106, 148 S. W., 229;
 
 Arey
 
 v.
 
 Lindsey,
 
 103 Va., 250, 48 S. E., 889;
 
 State ex rel. Mathews
 
 v.
 
 Houndersheldt,
 
 151 Minn., 167, 186 N. W., 234;
 
 State ex rel. Pardee
 
 v.
 
 Pattison, Governor,
 
 73 Ohio St., 305, 327, 76 N. E., 946;
 
 Cincinnati, H. & D. Rd. Co.
 
 v.
 
 Hedges,
 
 63 Ohio St., 339, 341, 58 N. E., 804.
 

 We do not find that the record contains prejudicial error. Hence our conclusion is that the judgment of the Court of Appeals must be reversed and that of the common pleas affirmed.
 

 In the case of
 
 Buckeye Churn Co.
 
 v.
 
 Abbott
 
 the same basic question is involved, and there is no necessity for further discussion, as what has already been said in the case of
 
 Kuhn, Admx.,
 
 v.
 
 Cincinnati Traction Company
 
 is applicable to the case of
 
 Buckeye Churn Co.
 
 v.
 
 Abbott.
 
 It appearing that the rights of the defendant in error became fixed at a date prior to the effective date of the constitutional amendment, he is not affected thereby, and the Court of Appeals, in so finding, was right in its conclusion. There being no prejudicial error on this or any other grounds shown in the record, the judgment is therefore affirmed.
 

 Judgment affirmed in cause No. 18975.
 

 Judgment reversed in cause No. 19105.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.