SWIFT & Co. *v.* SEE.

(Decided March 19, 1928.)

*Mr. Charles P. Carroll,* for plaintiff in error.
*Mr. James H. Boyd,* for defendant in error.

WILLIAMS, J.   Albert See, the defendant in error, was an employe of Swift & Co., the plaintiff in error.   On January 11, 1925, the defendant in error was injured in the course of his employment by falling down an elevator shaft in the employer's plant at Toledo, Ohio.  Compensation was voluntarily paid by the employer until June, 1925, at which time pay-

ment was discontinued, for the reason that the injured man was able to resume work. July 10, 1925, adjustment of the claim was made by the Industrial Commission, which ordered the employer to pay two-thirds of the weekly wage, and such payments were made up to the time of the trial in the court of common pleas.

July 10, 1925, the claimant filed with the commission his application for allowance of additional compensation upon the ground that his injuries were caused by the failure of the employer to comply with specific requirements imposed by Sections 1027, 871-15, and 871-16, General Code. This application was heard September 23, 1925, on which date the Industrial Commission found that there was no violation of these sections as claimed, and denied the application. Due notice of the action of the commission was given to claimant September 26, 1925. October 2, 1925, the claimant filed with the Industrial Commission an application for rehearing of his application for additional compensation. November 4, 1925, the Industrial Commission found that a rehearing on such application was not warranted, and denied such application. Due notice of the action of the commission was given to the claimant November 7, 1925. November 30, 1925, claimant filed in the court of common pleas of this county notice of his intention to appeal from the finding of the Industrial Commission denying his application for additional compensation by reason of the employer's failure to comply with the specific requirements imposed by the sections referred to above.

The first step taken by Swift & Co., defendant in the common pleas court, was to file a motion to quash

the appeal. One of the grounds of the motion was that the finding and order of the Industrial Commission were final, and that no appeal would lie therefrom. This motion to dismiss was overruled, and upon trial a verdict was returned in favor of the claimant for additional compensation. Judgment was entered thereon, and this proceeding in error is brought to reverse that judgment.

The application for allowance of additional compensation is based on that part of Section 35, Article II, of the Constitution of Ohio, which reads as follows:

"Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and *its decision shall be final;* and for the purpose of such investigations and inquiries it may appoint referees. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards." (Italics ours.)

Laws were passed under provisions of this section of the Constitution, establishing the Industrial Commission of Ohio as the board having jurisdiction in the matter referred to in the part quoted.

A violation by the employer of Sections 1027 (par. 4), 871-15 and 871-16, General Code, would constitute a failure on the part of the employer to comply with a specific requirement, enacted by the General Assembly. *Ohio Automatic Sprinkler Co.* v. *Fender*, 108 Ohio St., 149, 141 N. E., 269; *Kuhn* v. *Cincinnati Traction Co.*, 109 Ohio St., 263, 142 N. E., 370.

The gist of the claim of plaintiff in the court below, and before the Commission, was that the employer had not guarded the opening into the elevator shaft, and that such failure constituted the violations of the sections of the General Code referred to. The great weight of the evidence sustains the claim of plaintiff in error that some unauthorized employe had, previous to the time of the injury, blocked the gate up which guarded the opening in question, without the knowledge of plaintiff in error, and that the elevator having been moved to another floor the plaintiff employe backed into the elevator shaft while handling a small truck. In other words, the great weight of the evidence sustains the claim that there was no violation of any of these sections of the General Code. It is conceded by counsel for defendant in error in his brief that the evidence is conflicting upon the question whether or not there had been such violation.

It is apparent that a question of fact was presented for determination. Under Section 35, Article II, of the Ohio Constitution, quoted above, full power and authority were given the Industrial Commission of Ohio to hear and determine ''whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives,

health or safety of employes, enacted by the General Assembly.'' In making such determination a question of fact is presented to the commission, and the decision upon the question of fact is final. *Slatmeyer* v. *Indus. Comm.*, 115 Ohio St., 654, 155 N. E., 484. We quote from the opinion in the *Slatmeyer case* as follows (page 656 of 115 Ohio State [155 N. E., 485]):

''The language of the amendment [Section 35 of Article II of the Constitution as it now stands] is the polestar of this interpretation. Under it the commission has been given full power and authority 'to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement.' We are of the unanimous opinion that upon that question of fact the decision of the commission is final; *but its finality extends only to the determination whether, in fact, the injury, etc., resulted because of the failure to comply with such specific requirement.*'' (Italics ours.)

The only question before the commission was whether or not the injury of claimant resulted because of the failure of the employer to comply with the specific requirements imposed by above sections of the General Code. The action of the Industrial Commission was therefore final, and the claimant had no right to appeal to the common pleas court. It follows that the court of common pleas erred to the prejudice of plaintiff in error in overruling the motion to quash the appeal.

The judgment of the court of common pleas is therefore reversed, and the cause is remanded, with instructions to enter an order and judgment sustain-

ing the motion to quash the appeal at the costs of the appellant.

*Judgment reversed.*

HUGHES and JUSTICE, JJ., concur.

Judges HUGHES and JUSTICE, of the Third Appellate District, sitting in place of Judges RICHARDS and LLOYD, of the Sixth Appellate District.