I regret that I cannot concur in the majority action in these two causes (Nos. 23201 and 23288) and will briefly state my reasons. The two causes are so closely related (both seeking the same ultimate relief) that I shall express my views in a joint opinion.
Cause No. 23201, The A. A. Lane Construction Company v. Industrial Commission of Ohio, is a motion for an order directing the Court of Appeals of Franklin County to certify its record. Cause No. 23288, The State, ex rel. The A. A. Lane Construction Company v. Industrial Commission of Ohio, is an original suit in this court in mandamus. The relator, The A. A. Lane Construction Company, is an employer who has complied with the workmen's compensation laws. One of *Page 98 
its employees was injured in the course of his employment, and the Industrial Commission made an award of compensation, which was paid. The employee also made a claim for an additional award for alleged violation of a lawful requirement. That claim was also allowed, though contested by the employer. Thereupon, the Industrial Commission made the following order:
"That The A. A. Lane Construction Company be notified that the additional compensation awarded in this case for the violation of a specific requirement is to be paid from the State Insurance Fund; that the accrued and accruing payments of the award will be paid on and after January 20, 1931, and that the premium of the employer will be increased in such an amount or amounts over a period of time to be fixed as will recoup the fund in the amount of such additional award."
Relator refused to pay the award, and requested the Industrial Commission to certify the award to the Attorney General of the state of Ohio for collection, in accordance with the terms of Section 1465-74, General Code, which in part provides:
"In the event of the failure, neglect or refusal of the employer to pay such compensation to the person entitled thereto, or to furnish such bond, within a period of ten days after notification of such award, the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the commission, and the commission shall certify the same to the attorney general who shall forthwith institute a civil action against such employer in the name of the state, for the collection of such award."
This is the basis of the claim of relator in the suit filed in this court, and the prayer of the petition is that the writ of mandamus issue from this court to compel the Industrial Commission to certify the additional *Page 99 
award to the Attorney General in order that a civil action may be begun against relator for the collection of the award. The answer filed by the Industrial Commission alleges the pendency of cause No. 23201 in the lower courts, The A. A. Lane Construction Company v. The Industrial Commission of Ohio, and asserts that for that reason no attempt has been made to collect the additional award, as provided by Section 1465-74, General Code.
These cases constitute an illustration and a demonstration of the error of this court in Slatmeyer v. Industrial Commission,115 Ohio St. 654, 155 N.E. 484. In that case it was declared in the majority opinion that the courts must be open to review legal questions arising in cases in the Industrial Commission, but that in that case, which is similar in all essential points to the instant case, judicial review could be had in the independent suit later to be brought by the Attorney General to collect the award. The relator in the instant case seeks the opportunity to make a defense of his jurisdictional questions in such a suit. It was pointed out in the Slatmeyer case, in the majority opinion, at page 657 of 115 Ohio State,155 N.E. 484, 485, that legal fundamental or jurisdictional questions arising in a proceeding for an additional award, are not final, but are subject to review by the courts. And again it was stated, at page 658 of 115 Ohio State, 155 N.E. 484, 485, that a denial of judicial process in those respects would be a denial of due process.
With those statements all persons must agree. It was, however, pointed out in the dissenting opinion in that case that the suit later to be brought by the Attorney General did not afford the employer an adequate remedy. It was there pointed out that the Attorney General would not bring a suit, but that the Industrial Commission would do exactly what it has done in this case, viz. proceed to pay the claim out of *Page 100 
the Industrial Commission fund, and then proceed to charge the employer with the additional premiums to reimburse and to recoup that fund. That which was feared by those who dissented in the Slatmeyer case has come to pass in the instant case.
For these reasons, and for such additional reasons as are set forth in the dissenting opinion in the Slatmeyer case, I still adhere to the view that the writ in cause No. 23288, State, ex rel. The A. A. Lane Construction Company v. Industrial Commission, should be allowed.