THE STATE, EX REL. O'NEILL, ATTORNEY GENERAL, APPELLEE, *v.* THE TROY SUNSHADE CO., APPELLANT.

(No. 483—Decided February 6, 1954.)

*Mr. C. William O'Neill,* attorney general, and *Mr. Leonard J. Stern,* for appellee.

*Mr. Dale D. Rapp,* for appellant.

HORNBECK, J. This is an appeal on questions of law from a judgment of the Common Pleas Court for plaintiff against the defendant, in the sum of $1,854.11, with interest and costs.

The action was instituted for the recovery of an additional award made by the Industrial Commission against the defendant upon a finding that an injury suffered by an employee of the defendant resulted from the employer's violation of a specific safety requirement. The safety requirement which it is

alleged was violated by the defendant is set forth in its entirety in bulletin 207, being sections 16 and 19 of the specific requirements promulgated by the Industrial Commission. The defendant answered by asserting three defenses, one of which was a general denial, another a denial of the jurisdiction of the commission to make the award and that it was made contrary to and in violation of the true and lawful meaning of the safety requirements, and, third, that there was no violation of any legal specific requirement.

Upon the issues drawn, the cause came on for hearing, evidence was offered by the plaintiff of the order of the Industrial Commission, and the settlement sheet was introduced showing the amount due plaintiff, which it was conceded made a prima facie case on behalf of the plaintiff. The defendant then offered the testimony of three witnesses. It was stipulated that other witnesses of the defendant were available but that their testimony was not offered because it would be cumulative. Practically all the testimony offered by the defendant was admitted without objection or exception. It tended to show that there was no violation of the requirements set out in the petition, that they were not specific requirements, that they were indefinite and susceptible of different meanings, and that the employee, in using the press with which he was injured, was negligent in that he failed to use it as directed and in the proper manner.

The trial judge, in a written decision, relied principally on *State, ex rel. Duffy, Attorney General,* v. *Alexander, d. b. a. Alex-Short Builders,* Miami County Common Pleas Court, No. 33870, unreported, in which case the court passed on the requirement upon the issue of whether it was a specific requirement. In the instant case, the trial judge found "that the decision of the commission as to whether or not the injury resulted from a violation of a specific safety requirement, is final." The trial court, in its decision recites:

"The court finds that under Article II, Section 35 of the Constitution of Ohio, the Industrial Commission of Ohio has full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of an employer to comply with any specific requirement for the pro-

tection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such commission, and that the determination and decision of said Industrial Commission of Ohio thereon shall be final, and that by reason thereof this court is without jurisdiction to inquire into the question of whether or not the injury suffered by John A. Ball was the result of the violation of a specific safety requirement."

Under authority of *Slatmeyer* v. *Industrial Commission*, 115 Ohio St., 654, 155 N. E., 484, the trial court had jurisdiction to review the decision of the commission in respect to the imposition of the added award upon basic legal questions necessary to be determined by the commission before making such award. As we read the *Slatmeyer case* and other pertinent opinions—*Pittsburg Coal Co.* v. *Industrial Commission*, 108 Ohio St., 185, 140 N. E., 684; *Gatton* v. *Industrial Commission*, 93 Ohio St., 203, 112 N. E., 503; *Fassig* v. *State, ex rel. Turner, Atty. Genl.*, 95 Ohio St., 232, 116 N. E., 104; and *DeWitt* v. *State, ex rel.*, 108 Ohio St., 513, 141 N. E., 551—when there is a specific requirement the commission has the sole and exclusive right to determine whether the failure to comply with that requirement caused the injury of which the employee complains. But the question whether a requirement is specific is one of law and not of fact alone. And if it is denied that there is a specific requirement, this issue may properly be determined on an appeal in the action instituted by the Attorney General to recover upon the additional award of the commission. This is emphasized in the opinion of Judge Jones in the *Slatmeyer case*, at page 657:

"Does the finality of the commission's decisions extend to questions of law, arising in a proceeding where an additional award is imposed for failure to comply with such specific requirement? In this respect this court holds that it does not. The language of the Constitution is plain. The commitment of finality extends only to the single question of fact to be heard and determined. While the constitutional amendment may have contemplated that the industrial tribunal could dispose of a question of fact as well as a court constituted for that purpose, it no doubt recognized that upon legal, fundamental, or

jurisdictional questions, action by a court would be necessary. At all events, no legal questions were committed by the Constitution to the final jurisdiction of the commission.''

He continues by saying that if the attack by the employer is upon the imposition of the added penalty, ''the constitutional amendment does not deny the right of the employer to question the added award upon jurisdictional, legal, or constitutional grounds.''

He then makes the following statement:

''If the added per centum were imposed where no specific requirement was 'enacted by the General Assembly or in the form of an order adopted by such board,' manifestly the commission's finding of failure to comply would be illegal; or if in any manner the jurisdiction of the commission in respect to a specific requirement were attacked, that as well as other legal questions would still remain within the jurisdiction of the courts for the purpose of review, and a denial of judicial process in those respects would be a denial of due process.''

Here, by the pleadings and the testimony, the employer challenged the definiteness of the requirements and that they were specific and, therefore, the jurisdiction of the commission to make the additional award and the legality thereof.

We are aware of the provision of Section 871-25, General Code, that ''all orders of the Industrial Commission of Ohio in conformity with law shall be in force and shall be prima facie reasonable and lawful,'' but perceive no conflict between it and our holding. An order may be lawful but not be a specific requirement.

If we look at the decision of the trial judge in the light of his reference to the *Alexander case, supra,* it lends support for the conclusion that he determined the legality of the claimed specific requirement and all matters which were properly presented by the pleadings for his decision, and the judgment entry does not require us to hold otherwise.

The entry is practically a recitation of Section 35, Article II, of the Constitution of Ohio. There is no premise from which it may be held that the court did not consider the questions which were essential to the correctness of the judgment. It does not appear that he did not consider and determine that the re-

quirement under consideration was specific. In this connection, it might be well to again call attention to some general principles which are well stated in 2 Ohio Jurisprudence (Pt. 2), 1017, Section 565:

"The inference which the law raises is that every court does its duty and does right, and, unless the records show something to the contrary, it will be presumed that the lower court acted wholly within the law, that the decree or judgment was made upon proper grounds, that the court below applied the law correctly, and that its action was justified. A state of facts which is repugnant to the judgment will not be presumed, but on the contrary all reasonable inferences tending to support it will be adopted, and if the record is ambiguous it will be given that construction which is most favorable to the judgment."

It may be that the trial judge decided this case against the contention of the appellant as to the extent to which the court should pass upon the legal questions which we have considered, but the entry does not exemplify the fact.

The error which is urged and argued in this court is not exemplified by the record, and we find no error assigned well made.

We affirm the judgment.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.