ROTHERT, APPELLANT, *v.* ADMINISTRATOR, BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

172

(No. 561—Decided May 12, 1965.)

*Mr. Frank Leonetti,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Don Cola-surd,* for appellee Administrator, Bureau of Workmen's Compensation.

*Mr. George H. Fell,* for appellee Continental-Fremont, Inc.

BROWN, J. In this case the application for an additional award for violation of a specific safety requirement was denied as stated by the Industrial Commission by order dated April 1, 1964, in the following language:

"Upon careful consideration and hearing by the commission, it is the finding of the commission that the application for additional award for violation of specific safety requirement filed herein on October 8, 1962, be denied for the reason that proof of record shows that the claimant's injuries were not caused by the employer's violation of any specific safety requirement."

A notice of appeal was filed by claimant-appellant from this order to the Common Pleas Court of Sandusky County. The petition by appellant was filed in Common Pleas Court alleging,

among other things, the issues in this appeal in the following language:

"* * * The issues in this appeal are whether or not this appellant has the right to an additional award; whether or not the employer, Continental-Fremont, Inc., violated specific safety requirements set forth in Bulletin 202 hereinbefore mentioned; and whether or not the appellant shall be denied such additional award on the ground that the injury and death of James D. Cody were not caused by the employer's violation of any specific safety requirements."

The pertinent part of the statute (Section 4123.519, Revised Code) providing for appeals from the Industrial Commission reads:

"The claimant or the employer may appeal a decision of the industrial commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county * * *"

It would appear that the wording of this statute first enacted in 1955, and amended in 1957 and 1959, has language broad enough to permit appeals to the Common Pleas Court, such as the Industrial Commission order to which reference is made in the petition on appeal in this case. However, this statute runs on a collision course into Section 35, Article II of the Ohio Constitution, and the Ohio Supreme Court and appellate decisions interpreting it, which must prevail over Section 4123.519, Revised Code. The pertinent part of Section 35, Article II, Ohio Constitution, reads:

"* * * Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and *its decision shall be final*; * * *" (Emphasis added.)

The petition on appeal states the issues, the determination of which involved a question of fact as distinguished from a question of law, and a determination by the Industrial Commission of questions of fact pertaining to additional award claims for violation of a specific safety requirement are decisions which are final pur-

suant to Section 35, Article II, Ohio Constitution, and are not reviewable on appeal to the courts. *Slatmeyer* v. *Industrial Commission*, 115 Ohio St. 654, pp. 656, 657; *State, ex rel. Carr,* v. *Industrial Commission*, 130 Ohio St. 185, p. 188; *State, ex rel. Wilms,* v. *Industrial Commission*, 144 Ohio St. 619, paragraph three of the syllabus; *State* v. *Ohio Stove Co.*, 154 Ohio St. 27, pp. 36 and 38; *State, ex rel. O'Neill, Atty. Genl.*, v. *Troy Sunshade Co.*, 99 Ohio App. 115, paragraph one of the syllabus; *Swift & Co.* v. *See*, 30 Ohio App. 127, p. 131; 68 A. L. R. 302, and 106 A. L. R. 77.

The judgment of the Common Pleas Court dismissing the petition of claimant on appeal is affirmed, and the cause is remanded for execution for costs.

*Judgment affirmed.*

Fess and Smith, JJ., concur.