## FIRST STEP IN TESTING THE CONSERVANCY ACT.

Court of Appeals for Montgomery County.

Ex Parte David Oldham, as a Citizen of Shelby County.

Decided, March 21, 1914.

*Writ of Prohibition—Fixing Proceedure Under this New Remedy—Federal Practice to be Followed—Constitutionality of the Conservancy Act Sent Back for Determination in the Common Pleas Court.*

The writ of prohibition will not ordinarily be allowed until the question of jurisdiction has been made and overruled in the court or tribunal whose jurisdiction is challenged.

*Horace Andrews, H. H. McKeon* ànd *P. R. Taylor,* for petitioner.

*John A. McMahon, J. Warren Kiefer, O. B. Brown, John Galvin* and *E. A. Belden,* amicus curiae.

*C. C. Hall,* Prosecuting Attorney, for Shelby County, *J. Guy O'Donnell,* Prosecuting Attorney, for Miami County, *F. G. Long,* Prosecuting Attorney, and *A. J. Metler,* for Logan County, *G. S. Thomas,* City Solicitor, and *Robert A. Black,* for City of Troy.

Allread, J.; Ferneding, J., and Kunkle, J., concur.

David Oldham, a citizen and tax-payer of Shelby county, petitions for a writ of prohibition against the judges of the courts of common pleas, to restrain them from acting as a conservancy court, upon the ground that the conservancy act is unconstitutional and void.

The preliminary question is whether this court as a matter of right can, or, as a matter of discretion, should entertain the writ in advance of action upon the jurisdictional question by the tribunal whose jurisdiction is questioned.

The writ of prohibition is a remedy revived or brought into the jurisprudence of our state by constitutional amendment taking effect January 1, 1913. This remedy was not intended to become a substitute for, or supersede, the ordinary or usual procedure of courts of general or special jurisdiction.

The writ must be confined to occasions and causes where the usual procedure is defective or inadequate and where it becomes necessary to subserve the ends of justice.

No better statement of the objects and purposes of the writ can be found than in *Walcott* v. *Wells*, 21 Nev., 50:

"The writ of prohibition is an extraordinary remedy, and should be issued only in cases of extreme necessity. Before it should issue, it must appear that the petitioner has applied to the inferior tribunal for relief. The object of the writ is to restrain inferior courts from acting without authority of law in cases where wrong, damage and injustice are likely to follow from such action. It does not lie for grievances which may be redressed, in the ordinary course of judicial proceedings, by appeal. It is not a writ of right, but one of sound judicial discretion, to be issued or refused according to the facts and circumstances of each particular case. Like all other prerogative writs, it is to be used with caution and forbearance, for the furtherance of justice and securing order and regularity in judicial proceedings in cases where none of the ordinary remedies provided by law are applicable."

Spelling, in his work on Extraordinary Relief, Section 1731, says:

"The extraordinary remedy by prohibition is confined at present, as when first employed, only to cases where it appears that the party seeking has an actual grievance and has applied without avail to the inferior tribunal for relief."

The authors of Cyc. (32 Cyc., 624), thus summarize the American and English authorities:

"An application for a writ of prohibition will not be considered, unless a plea to the jurisdiction has been first filed and overruled in the lower court. Until the inferior court has been asked in some form, and without avail, to refrain from proceeding with the trial of a cause, or to dismiss the same, a superior court will not entertain an application for a writ of prohibition."

Exceptions to the rule are noted in the text, but none apply to the present proceedings. Conflicting decisions are also noted.

Many of the cases cited by counsel for the petitioner acknowledge the general rule but originate and justify exceptions

growing out of special circumstances. Some, notably the Arkansas and Colorado cases, are followed by subsequent cases in the same courts acknowledging the general rule.

*City of Little Rock, Ex parte,* 26 Ark., 52:

"Prohibition will not lie to an inferior court, in a cause arising out of its jurisdiction, until that matter has been pleaded in the original court and the plea refused.

"The circuit court will not be presumed to take cognizance of matters not within its jurisdiction."

*Adams County Court* v. *People,* 11 Pac. (Colo.), 86:

"A petition to have a court prohibited on the ground of lack of jurisdiction from further proceeding in a criminal contempt proceeding is insufficient; it not showing that the jurisdiction of such court was challenged by appropriate plea or motion therein, so as to give it opportunity to pass on the question, as it is not assumed that, had the question been raised there, it would not have correctly ruled thereon."

*Chester* v. *Colby, Judge,* 52 Cal., 516:

"If the question of the jurisdiction of an inferior court in a case before it has been submitted to that court by an appropriate pleading or objection, a writ of prohibition will not issue to restrain such court from proceeding in the case while the question of its jurisdiction remains undetermined by such court."

*Ex parte Oklahoma,* 220 U. S., 191, 208:

"It is firmly established that where it appears that a court, whose action is sought to be prohibited, has clearly no jurisdiction of the cause originally, a party who has objected to the jurisdiction at the outset and has no other remedy, is entitled to a writ of prohibition as a matter of right."

The argument is made that when the constitutional convention of 1912 submitted and the people adopted this judicial amendment, it was intended thereby to revive the common law writ as interpreted and practiced in the English courts.

This court will take judicial notice that eminent lawyers of the state were members of the constitutional convention and took a leading part in framing this judicial amendment.

It is, in our opinion, a more probable inference that the eminent lawyers who framed this amendment and the citizens who adopted it contemplated the writ as known in this state by the practice in the federal court. This inference is strengthened by the close analogy existing between the judicial amendments in other respects to the federal practice.

The general rule above announced is especially applicable to the present proceedings. The enterprise at hand is one of great magnitude and importance. The conservancy act is of necessity comprehensive in its general scope and embraces many details.

The court specially charged with jurisdiction under the conservancy act consists in the present instance of ten judges of the court of common pleas, from the counties affected. These judges from the various courts are learned in the law, and experienced in constitutional interpretation. We think it would be an unjustifiable inference to be indulged in by this court that the conservancy court will not fully consider and correctly determine the constitutional as well as all other questions submitted. If the law should be wrongly interpreted by the conservancy court, there will still be ample opportunity for intervention in an appropriate court before the property of the petitioner can be affected.

For the reasons above stated, the writ of prohibition will be denied, and the petition therefor dismissed.