By the Court.
 

 An examination of the pleadings filed in this case discloses that the same relate to rates to be charged for telephone service in the city of Findlay. The case was submitted to be considered at the same time as case No. 18121,
 
 City of Findlay
 
 v.
 
 Public Utilities Commission, post,
 
 827.
 

 The petition herein was filed June 15, 1923, and three days before, on June 12, 1923, and in said cause No. 18121,
 
 City of Findlay
 
 v.
 
 Public Utilities Commission,
 
 all questions touching the rates for telephone service, rights under ordinances and franchises, were adjudicated by the Public Utilities Commission.
 

 Section 549, General Code, provides as follows:
 

 “No court other than the 'Supreme Court shall
 
 *202
 
 have power to review, suspend or delay any order made by the Commission, or enjoin, restrain or interfere with the Commission or any member thereof in the performance of official duties. Nor shall the writ of mandamus be issued against the Commission or any member thereof by any court other than the Supreme Court.”
 

 In considering this section of the Code, the Supreme Court, in
 
 Hocking Valley Ry. Co.
 
 v.
 
 Public Utilities Commission,
 
 100 Ohio St., 321, 327, 126 N. E., 397, 399, says:
 

 “We are confirmed in our view as to the statutory provision and extent of our duty by the provisions of Section 549, General Code, which provides that no court other than the Supreme Court shall have power to review, suspend or delay any order made by the Commission, or enjoin, restrain, or interfere with the Commission, or any member thereof, in the performance of official duties, nor shall the writ of mandamus be issued against the Commission or any member thereof by any court other than the Supreme Court.
 

 “Here are comprehensive provisions touching the subject. By this and the preceding sections full and exclusive jurisdiction in review is conferred upon this court.”
 

 Being of opinion that the right to maintain this action conflicts with Section 549, General Code, and cognate sections, we hold that the courts below were right in sustaining the demurrer to the petition. It follows that their judgment in so doing must be, and is hereby, affirmed.
 

 Judgment affirmed.
 

 Marshall, O. J., Robinson, Jones, Matthias, Dav, and Allen, JJ., concur. •