By the Court.
 

 Relator is asking for a writ of prohibition to prohibit the Industrial Commission of the state of Ohio (1) from asking the Attorney General to collect the award made by the Industrial Commission against the relator; (2) from canceling the relator’s privilege of carrying its own insurance.
 

 
 *705
 
 Now the proper function of the writ' of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction.
 

 The purpose of the writ is to prevent the exercise by a tribunal possessing judicial powers of -' jurisdiction over matters not within its cognizance, or to prevent it from exceeding its jurisdiction in matters of which it has cognizance. It differs from injunction in the fact that injunction is directed only to the parties litigant, while prohibition is directed to the court itself, commanding it to cease from the exercise of jurisdiction which it does not possess.
 

 Its principal purpose is to prevent an inferior court or other tribunal from assuming jurisdiction with which it is not vested. 22 Ruling Case Law,
 
 3, 4.
 
 See, also,
 
 Clendaniel
 
 v.
 
 Conrad,
 
 26 Del., (3 Boyce) 549, 83 A., 1036, Ann. Cas., 1915B, 968;
 
 State ex rel. Kochtitzky
 
 v.
 
 Riley,
 
 203 Mo., 175. 101 S. W., 567, 12 L. R. A., (N. S.), 900;
 
 State ex rel. Sullivan
 
 v.
 
 Reynolds,
 
 209 Mo., 161, 107 S. W., 487, 15 L. R. A., (N. S.), 963, 123 Am. St. Rep., 468, 14 Ann. Cas., 198;
 
 State ex rel. Terminal Rd. Ass’n.
 
 v.
 
 Tracy,
 
 237 Mo., 109, 140 S. W., 888, 37 L. R. A., (N. S.), 448; notes, 38 Am. Dec., 594: 3 L. R. A, 57; 1 L. R. A., (N. S.), 843; 6 Ann. Cas., 986.
 

 Prohibition will not issue to restrain action where the inferior tribunal has jurisdiction of the subject-matter and of the person. It will not issue where there is an adequate remedy at law or in equity readily available to the applicant. 32 Cye., 604 to 617, and cases cited.
 

 Prohibition will not issue to prevent an inferior
 
 *706
 
 tribunal from deciding the question erroneously;
 
 State ex rel.
 
 v.
 
 Clendening,
 
 93 Ohio St., 264, 112 N. E., 1029;
 
 State ex rel.
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683;
 
 Kelley, Judge,
 
 v.
 
 State ex rel. Gellner,
 
 94 Ohio St., 331, 114 N. E., 255;
 
 State ex rel.
 
 v.
 
 Jones et al., Judges,
 
 95 Ohio St., 357;
 
 State ex rel.
 
 v.
 
 Allen,
 
 96 Ohio St., 10;
 
 State ex rel.
 
 v.
 
 Jones et al., Judges,
 
 96 Ohio St., 506, 118 N. E., 115;
 
 State ex rel.
 
 v.
 
 Bonds,
 
 96 Ohio St., 604, 118 N. E., 1086;
 
 State ex rel.
 
 v.
 
 Court of Common Pleas,
 
 98 Ohio St., 164, 120 N. E., 335;
 
 State ex rel.
 
 v.
 
 Johnson, Judge,
 
 98 Ohio St., 438, 121 N. E., 647;
 
 State ex rel.
 
 v.
 
 Johnson, Judge,
 
 98 Ohio St., 450, 121 N. E., 647;
 
 State ex rel.
 
 v.
 
 Langdale,
 
 98 Ohio St., 470, 121 N. E., 903;
 
 State ex rel. Carmody
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430.
 

 Has the Industrial Commission jurisdiction to do the acts which the relator is asking this court to prohibit?
 

 Section 1465-74, General Code, empowers the Industrial Commission to determine the amount of compensation due an employe from a self-insuring employer, and Section 1465-68b makes the provisions of this and other sections of the Workmen’s Compensation Act applicable to cases of occupational disease. The Code (Section 1465-74 [103 O. L., 82]) provides that the amount awarded becomes a liquidated claim for damages which “may be recovered in an action in the name of the state for the benefit of the person or persons entitled to the same.”
 

 Section 1465-74 and Section 1465-100, General Code, authorize the Attorney General, “upon the request of the board,” to institute and prosecute
 
 *707
 
 tlie necessary actions or proceedings for the enforcement of any of the provisions of the act. It is self-evident, therefore, that the Industrial Commission will not be exceeding its authority if it asks the Attorney General to bring a suit to enforce the award in question herein.
 

 Under Section 1465-69, General Code (109 0. L., 291), the Industrial Commission is authorized to revoke the right of an employer to pay compensation direct, if in its judgment such action is necessary to secure and assure a strict compliance with all of the provisions of the law in reference to the payment of compensation. This statute gives the commission a wide discretion with regard to the revoking of the right to reinsure.
 

 Since the Industrial Commission has jurisdiction to do the acts complained of, the writ will be denied.
 

 Writ denied.
 

 Marshall, C. J., Matthias, Day and Allen, JJ., concur.