Jones, J.
 

 Counsel for demurrants claim that, since relator confessed in his petition that he was chairman of the campaign committee while acting as counsel for the transit commission, such an admission in the petition contained an intendment that he “directly or indirectly” solicited or received campaign contributions in violation of Section
 
 4,
 
 Article 5, of the city charter, and thereby gave cause for forfeiture of his office as legal counsel.
 

 Counsel for relator counters that argument by presenting several reasons why the charter article'does not apply to -the relator. One of the reasons, and perhaps the chief one urged by him, is that the relator is not in any “administrative service” within the contemplation of the city charter, even if it be’ conceded that his chairmanship of a party committee is concerned in some way with the solicitation or reception of party campaign funds.
 

 At the threshold of this case we are confronted with the general rule'that statutes or ordinances for
 
 *306
 
 feiting the official position of an incumbent are penal in their nature, should be strictly construed, and should not have their scope extended so as to include offenses other than those provided for. 36 Cyc., 1186. This rule of construction is made to apply to ordinances as well as statutes. 43 Corpus Juris, 573;
 
 State, ex rel. Moore Oil Co.,
 
 v.
 
 Dauben, Bldg. Inspector,
 
 99 Ohio St., 406, 124 N. E., 232.
 

 Measured by this rule of construction, does the mere fact of the relator’s chairmanship of a party committee, while acting as such legal counsel, fall within the penal ban of the charter? Manifestly it was the purpose of the charter provision to prohibit the exercise of any personal influence on the part of the legal counsel, either directly or indirectly, in' the solicitation or reception of party contributions. The ordinance was directed at his personal act or conduct; it connotes an implication that the donor, in making Ms voluntary contribution, should not be influenced by hope or expectation of receiving a favor from the legal counsel, and that the latter, by concerning himself with the solicitation or reception of the contribution, should not be placed under obligations to the donor. In the petition there is no allegation that Schorr was in any way concerned with any contribution; nor that by any act or conduct of his he was connected with or had any knowledge of any contribution made. We are therefore of the opinion that, applying the proper rule of construction to the situation presented, there was no violation of the charter provisions admitted or confessed in the petition, and for that reason the demurrer should be overruled.
 

 The next feature of the case presented is whether
 
 *307
 
 the relator was in the “administrative service” contemplated by the city charter. In the disposal of this question, there has been attached to the petition a copy of the charter, including the provisions of Section 4, Article 5, above set forth. In this connection, also, if doubt exists, the same rule of construction to which we have alluded should be applied and the doubt resolved in favor of the relator; we should not extend the penal scope of the charter unless the act punished comes within its provisions. In order to ascertain the meaning of the doubtful terms contained in the charter, recourse may be had to its various titles as an aid in construing the terms of the charters.
 
 Du Bois
 
 v.
 
 Coen, Exr.,
 
 100 Ohio St., 17, 125 N. E., 121; 25 Ruling Case Law, p. 1031.
 

 An examination of the .city charter reveals that the title of Article 4 is: “Executive and Administrative Service.” That article provides that the city manager “shall be the chief executive and administrative officer of the city,” and authorizes bim to make certain appointments in the administrative service, with the exception of the city auditor., The Rapid Transit Commission Act (Section 4000-16
 
 et seq.,
 
 General Code), creating that commission and authorizing the employment of an attorney and others, does not conflict with the city charter, as the latter only applies to the appointment of members of that commission by the mayor instead of the city manager. In that respect the commission is independent and does not owe its life to the chief administrative officer of the city. In the statute alluded to its attorneys are placed in the unclassified service. Therefore, taking the city charter as a whole, and construing its various provisions, including the
 
 *308
 
 penal one under consideration, we are constrained to hold that relator is not in the “administrative service” of the city within the purview of said Section 4, Article 5, of the city charter, prohibiting persons in that service from soliciting and receiving, political contributions.
 

 The demurrer to the petition will be overruled, and writ awarded as prayed for.
 

 Writ allowed.
 

 Day, Kinkade, Robinson and Matthias, JJ., concur.
 

 MabshalIí, C. J., not participating.