By the Court.
 

 This is a suit in this court invoking the original jurisdiction of the court, in which the plaintiff seeks in the same suit a writ of mandamus and a writ of
 
 procedendo,
 
 and in which she joins as defendants the clerk of the court of Lorain county, the judges of the Court of Appeals of the Second Appellate District, the judges of the Court of Appeals of the Ninth Appellate District, one of the judges of the court of common pleas of Lorain
 
 *223
 
 county, one of the judges of the court of common pleas of Cuyahoga county, one of the judges of the Court of Appeals of the Third Appellate District, and the clerk of the court of Cuyahoga county, Ohio.
 

 She seeks to have this court expunge from the journals of various courts various judgments and final orders entered by the defendant judges, and it requires no citation of authority to show that this group of defendants cannot properly be joined in a single action. The relief prayed against each of the judges and group of judges is wholly different, and this is shown by the allegations of the petition, and is more emphatically shown by the prayer of the petition. If there were no other difficulties presented by this petition, this one defect would be fatal to the further prosecution of the suit in its present form.
 

 Certain defendants have answered, again setting up these matters, and certain other defendants have demurred to the petition on the ground of misjoinder of parties defendant, and also on the ground that the petition does not state facts sufficient to constitute a cause of action. The demurrer alleging misjoinder must necessarily be sustained.
 

 Further considering the allegations of the petition, it appears that various judgments have been entered in various courts, and error has been prosecuted from one of said judgments to this court. All the eases referred to in the petition have fully ended and terminated by an entry of final judgment, and the last entry was made in this court on October 6, 1925, at which time a motion to certify the record of the Court of Appeals of Cuyahoga county
 
 *224
 
 was overruled. The allegations of the petition in this case make certain claims of irregularity and error, each of which would raise an issue of law in an error proceeding, if error had been prosecuted within the time limited by statute. But this is not an error proceeding. It is a collateral attack upon judgments appearing on their face to have been regularly entered, which judgments have become a finality. No authorities need be cited to show that a collateral attack cannot be made upon a- judgment regularly entered, unless the ground of attack goes to the jurisdiction of the court to enter the judgment. Taking the most favorable view of the allegations of the petition, they do not disclose any matters which affect the jurisdiction of the court or the right of the court to hear and determine the cause and to enter judgment.
 

 Plaintiff has a misconception of the province of a suit in mandamus as well as of the province of a suit
 
 in procedendo.
 
 Such suits cannot be made the instrumentality of review. The demurrer upon the ground that the petition does not state facts sufficient to constitute a cause of action must also be sustained. \
 

 Leave will be given, if desired, to amend the petition within 30 days.
 

 Demurrer sustained.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.