THE STATE, EX REL. CITY OF CINCINNATI, *v.* GEIGER ET AL., PUBLIC UTILITIES COMMISSION OF OHIO.

(Decided July 28, 1930.)

*Mr. John D. Ellis,* city solicitor, and *Mr. Ed. F. Alexander,* for relator.

*Mr. Gilbert Bettman,* attorney general, and *Mr. T. J. Herbert,* for defendants.

KUNKLE, J.  This is a proceeding in which the re-

lator, the city of Cincinnati, seeks a writ of prohibition against the defendants, who constitute the Public Utilities Commission of Ohio.

The relator in its petition, in brief, states that in May, 1930, the council of the city of Cincinnati passed an ordinance designated as No. 294-1930, by which it regulated the rates which could be charged by the Union Gas & Electric Company for natural gas. A copy of this ordinance is attached to the petition. The date said ordinance took effect, it is stated, was June 19, 1930. The petition further states that on or about July 3, 1930, the said Union Gas & Electric Company filed with the Public Utilities Commission of Ohio, by virtue of Section 614-44, General Code, a complaint, and that at the same time the said gas company filed a bond for the continuance of existing rates now in effect in the city of Cincinnati, under authority of Section 614-45, General Code.

A copy of the Ordinance No. 1222 of the city of Cincinnati is also set forth in the petition, the same being a franchise ordinance between the city of Cincinnati and the predecessor of the Union Gas & Electric Company. Paragraph 6 of the ordinance is set forth in detail in the petition.

The petition also states that the issue sought to be raised relates to the right of the Union Gas & Electric Company to appeal to the Public Utilities Commission of Ohio, and that this question was decided by the Supreme Court of Ohio in *City of Cincinnati* v. *Public Utilities Commission,* 98 Ohio St., 320, 121 N. E., 688, 3 A. L. R., 705, and that by reason of such decision the nonapplicability of Sections 614-44 and

614-45, General Code, became *res judicata* between the relator and the said gas company. The petition also contains other averments which it will not be necessary to consider at this time in order to determine the questions now presented.

The relator asks that a writ of prohibition issue from this court prohibiting the Public Utilities Commission of Ohio from taking jurisdiction of the complaint of the said gas company, now pending before it, and to order it to strike from its files all proceedings already had in connection with said complaint.

To the petition of the relators, the defendants demur on the following grounds:

(1) That the court has no jurisdiction of the persons of the defendants.

(2) That this court has no jurisdiction of the subject of the action.

(3) That the petition does not state facts which show a cause of action sufficient to grant the relief prayed for.

The case has been submitted to this court upon the demurrer of the defendants to the petition of the relator. Counsel have favored the court with very exhaustive briefs, in which many decisions of the courts of this state and of the United States are discussed and reviewed. Counsel for the relator in their brief have also furnished the court with a chronology of the various gas rate controversies had under franchise Ordinance No. 1222, referred to in the petition.

We shall not attempt to discuss or distinguish all of the authorities so cited by counsel. We shall content ourselves with stating the conclusions at which

we have arrived, after a consideration of such authorities.

It may not be amiss to briefly refer to the office of a writ of prohibition. We have had occasion to consider this question at different times, and as a matter of fact had the question brought to our attention during the early years of this writ. Among other cases in which the right to a writ of prohibition has been considered by this court are those of *Ex parte Oldham*, 2 Ohio App., 457, and *State, ex rel. Columbus, N. A. & J. Trac. Co.,* v. *Columbus Ry., Power & Light Co.*, 18 Ohio App., at page 402. In the case of *Ex parte Oldham,* the syllabus is as follows: "The writ of prohibition will not ordinarily be allowed until the question of jurisdiction has been made and overruled in the court or tribunal whose jurisdiction is challenged."

We there reviewed to some extent the history and nature of a writ of prohibition, and at page 458 of 2 Ohio App., quoted from *Walcott* v. *Wells,* 21 Nev., 47, 50, 24 P., 367, 9 L. R. A., 59, 37 Am. St. Rep., 478, as follows: "The writ of prohibition is an extraordinary remedy, and should be issued only in cases of extreme necessity. Before it should issue, it must appear that the petitioner has applied to the inferior tribunal for relief. The object of the writ is to restrain inferior courts from acting without authority of law in cases where wrong, damage and injustice are likely to follow from such action. It does not lie for grievances which may be redressed in the ordinary course of judicial proceedings, by appeal. It is not a writ of right, but one of sound judicial discretion, to be issued or refused according to the facts

and circumstances of each particular case. Like all other prerogative writs, it is to be used with caution and forbearance, for the furtherance of justice, and securing order and regularity in judicial proceedings in cases where none of the ordinary remedies provided by law are applicable." In this connection, see, also, *State, ex rel. Firestone Tire & Rubber Co.,* v. *Duffy,* 114 Ohio St., 702, 152 N. E., 656.

The rule above announced, together with the additional rule that a writ of prohibition should not be allowed in doubtful cases, has been upheld by the Supreme Court in various cases since the above announcement.

The defendants claim that this court has no jurisdiction over the members of the Public Utilities Commission of Ohio in the performance of their official duties.

Section 6, Article IV, of the Constitution of Ohio, defines the jurisdiction of the Court of Appeals, and, among other things, provides that the Court of Appeals "shall have original jurisdiction in quo warranto, * * * prohibition and procedendo."

Counsel for relator insist that this provision of the Constitution confers jurisdiction upon the Court of Appeals in all proceedings in prohibition, notwithstanding the intent of the Legislature to repose the right to review the actions of the Public Utilities Commission solely in the Supreme Court of Ohio.

Section 549, General Code, provides: "No court other than the supreme court shall have power to review, suspend or delay any order made by the commission, or enjoin, restrain or interfere with the commission or any member thereof in the perform-

ance of official duties. Nor shall the writ of mandamus be issued against the commission or any member thereof by any court other than the supreme court."

Counsel for defendants insist that exclusive jurisdiction over the acts of the Public Utilities Commission of Ohio is vested in the Supreme Court by virtue of the section of the Code above-quoted.

In support of the constitutionality of Section 549, General Code, Section 2, Article IV, of the Constitution, defining the jurisdiction of the Supreme Court, is relied upon. This section of the Constitution, among other provisions, contains the following: "It shall have original jurisdiction in quo warranto, * * * prohibition and procedendo, and appellate jurisdiction in all cases involving questions arising under the constitution of the United States or of this state, in cases of felony on leave first obtained, and in cases which originated in the courts of appeals, and such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law. * * * No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court."

It is elementary that the different provisions in the Constitution must be read and considered as a whole.

The Constitution vests such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law solely upon the Supreme Court. No attempt is made to reserve such jurisdiction to the Court of Appeals by Section 6, Article IV, of the

Constitution. While this section of the Constitution does confer general jurisdiction upon the Court of Appeals in proceedings involving the writ of prohibition, yet there is nothing contained in the said section which would expressly prevent the Legislature from conferring exclusive jurisdiction to revise the proceedings of administrative officers upon the Supreme Court, in so far as the fixing of rates is concerned.

In the case of *Hocking Valley Ry. Co.* v. *Public Utilities Commission,* 100 Ohio St., 321, 126 N. E., 397, the first paragraph of the syllabus is as follows: "Section 544 *et seq.,* General Code, enacted pursuant to the provision in the judicial article of the Ohio Constitution as amended in 1912, that this court shall have such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law, provide for full judicial review of the proceedings and final orders of the Public Utilities Commission and do not violate the guaranties of the federal or state Constitution."

This was a rate case, and Judge Johnson, in rendering the opinion of the court states, at page 323 of 100 Ohio State, 126 N. E., 397, 398:

"Sections 545 and 546 prescribe the procedure in such cases, and Section 549 provides that no court, other than the Supreme Court, shall have power to review, suspend or delay any order made by the commission, or enjoin, restrain or interfere with the commission, or any member thereof, in the performance of official duties.

"It will be observed that both before and since the constitutional amendment the legislature realized

that in order to give validity to the proceedings and orders of the commission it was necessary that some adequate provision for their judicial review should be made, because if by legislative act or administrative order property or rights are taken or affected parties must be given full opportunity to show by judicial review that the taking or interference with rights or property was so arbitrary, unjust or unreasonable as to amount to a deprivation in violation of the Constitution. This principle is nowhere denied.''

Judge Johnson further states at pages 327 and 328 of 100 Ohio State, 126 N. E., 397, 399:

''We are confirmed in our view as to the statutory provision and extent of our duty by the provisions of Section 549, General Code, which provides that no court other than the Supreme Court shall have power to review, suspend or delay any order made by the commission, or enjoin, restrain or interfere with the commission, or any member thereof, in the performance of official duties, nor shall the writ of mandamus be issued against the commission or any member thereof by any court other than the Supreme Court.

''Here are comprehensive provisions touching the subject. By this and the preceding sections full and exclusive jurisdiction in review is conferred upon this court. If we were to hold that anything less than full jurisdiction and duty was imposed upon us, and by such holding any party should, in any proceeding, be denied access to the courts within the guaranties of the constitution, it would necessarily follow that Section 549 would be unconstitutional.

"The duty of fixing the rate rests upon the Public Utilities Commission. It acts as the governmental agency of the state for this purpose. The laws passed by Congress and by the several states creating commissions with this and similar regulatory powers have been upheld by many decisions, and their validity is not doubted."

In the case of *Phelps* v. *Ohio Bell Telephone Co.*, 111 Ohio St., 200, at page 202, 144 N. E., 435, 436, the Supreme Court restated the views announced in 100 Ohio State, above quoted, and the opinion in that case concludes as follows: "Being of opinion that the right to maintain this action conflicts with Section 549, General Code, and cognate sections, we hold that the courts below were right in sustaining the demurrer to the petition. It follows that their judgment in so doing must be, and is hereby, affirmed."

The *Phelps case* was also a rate case, in which the Court of Appeals of Hancock county sustained a demurrer to the petition.

We cannot escape the conclusion that, under the reasoning found in the decisions of our Supreme Court in the above and other cases that might be cited, it would be the duty of this court to follow the reasoning of our Supreme Court to the effect that exclusive jurisdiction has been conferred upon the Supreme Court by the Constitution to revise and review the proceedings of the Public Utilities Commission of Ohio, in so far as the general subject-matter of the fixing of rates is concerned. It is true that this question was not expressly decided, but the reasoning of the Supreme Court as found in the

above, and other subsequent cases, will permit of no other conclusion.

It is also contended by counsel for defendants that the demurrer should be sustained for the reason that the petition shows that a complaint was filed by the Union Gas & Electric Company before the Utilities Commission, and a bond was approved by such commission, but that it nowhere appears in the petition that the jurisdiction of the commission to hear and fully determine all questions arising under such complaint has been challenged by the city of Cincinnati.

It is claimed by defendants that the petition, failing to show that the relator has challenged the jurisdiction of the Public Utilities Commission to hear and determine all questions which could be presented, including that of *res judicata,* does not state a cause of action, and that the demurrer should therefore be sustained.

We think the Utilities Commission has power to hear and determine the question as to its jurisdiction. If it determines that question wrongly, then the relator has its remedy in the Supreme Court.

We have read with considerable care the authorities cited, and have made some independent investigation of our own, and from such investigation are of opinion that the Utilities Commission has jurisdiction over the entire question of fixing rates. As a matter of fact the fixing of rates constitutes the principal reason for the creation of a Utilities Commission. We express no opinion, however, as to the jurisdiction of this court in prohibition in the event the Utilities Commission was proposing to exceed its jurisdiction.

The commission having been given jurisdiction of the general subject-matter, we think it has full authority to hear and determine the question as to its jurisdiction, and this question should be raised before the Utilities Commission before an effort is made to secure a writ of prohibition to prevent the Utilities Commission from hearing and determining such question.

We think it is well settled that the writ of prohibition will not ordinarily be allowed until the question of jurisdiction has been made and overruled in the court or tribunal whose jurisdiction is challenged; that a writ of prohibition will issue only where there is a complete want of jurisdiction in the court or tribunal seeking to exercise original jurisdiction.

The remedy of the relator would be to present the question of jurisdiction to the Utilities Commission. The commission has full authority to hear and determine the question as to its jurisdiction, as well as the question relating to *res judicata.*

It is urged by counsel for relator that in the case of *State, ex rel. Nolan,* v. *Clen Dening,* 93 Ohio St., 264, 112 N. E., 1029, and in the case of *State, ex rel. Schorr,* v. *Viner,* 119 Ohio St., 303, 164 N. E., 119, the Supreme Court allowed a writ against such boards to test the question of their jurisdiction.

In the present case, however, we think the jurisdiction of the Utilities Commission over the public utilities of the state is broader than was the jurisdiction conferred upon the above-mentioned boards, and the Supreme Court of Ohio is given direct authority by the Constitution to test the question both

of the jurisdiction of the Utilities Commission and of the lawfulness and correctness of its orders.

It is clear that, when another remedy exists, the writ of prohibition will not ordinarily lie.

We think the giving to the Supreme Court jurisdiction to test the lawfulness of the orders of the Utilities Commission would necessarily act as a substitute for the writ of prohibition. In other words, an appeal to the Supreme Court under this section of the Constitution would constitute an answer to the claim that no other adequate remedy was available.

In our opinion the Public Utilities Commission is authorized to first pass upon the question of its own jurisdiction, and until it has determined that question, or refused to pass on it, there is no authority for the allowance of a writ of prohibition.

As above stated, it is conceded that the Utilities Commission has jurisdiction of the general subject as to rates, but is prohibited in the present case from exercising such jurisdiction because the predecessor of the present gas company secured a judgment in the Supreme Court, which would amount to *res judicata*. We are not required to pass upon the question of *res judicata* inasmuch as the Utilities Commission has authority to pass upon that, and any other question that may be presented to it. If it passes on the question of *res judicata* or any other question improperly, then, as above stated, an adequate remedy has been provided for the review of such judgment.

We are of opinion that the demurrer is well taken and should be sustained.

*Demurrer sustained.*

ALLREAD and HORNBECK, JJ., concur.