The jurisdiction which the board of education was seeking to exercise is found in Section 7701, General Code, which provides as follows: "Each board may dismiss any appointee or teacher for inefficiency, neglect of duty, immorality, or improper conduct. No teacher shall be dismissed by any board unless the charges are first reduced to writing and an opportunity be given for defense before the board, or a committee thereof, and a majority of the full membership of the board vote upon roll call in favor of such dismissal."
Another section of the General Code, to wit, Section 7708, is involved in this matter. It provides: "If the board of education of any district dismisses a teacher for any frivolous or insufficient reason, the teacher may bring suit against such district. If, on trial of the cause a judgment be obtained against the district, the board thereof shall direct the clerk to issue an order upon the treasurer for the sum so found due to the person entitled thereto * * *."
These sections were construed and upheld in Shuck, Admx., v.Board of Education, 92 Ohio St. 55, 110 N.E. 533.
In the event the board of education should hold adversely to plaintiff in error, he has a remedy for dismissal for frivolous or insufficient reason, by suit, *Page 333 
under Section 7708, thus being afforded an adequate remedy at law.
The high prerogative writ of prohibition is exercised within a comparatively limited field, and is to be used with great caution in the furtherance of justice, and only where there is no other regular, ordinary, and adequate remedy. State, ex rel.Nolan, v. Clen-Dening, 93 Ohio St. 264, 112 N.E. 1029; State,ex rel. Firestone Tire Rubber Co., v. Duffy et al., Indus.Comm., 114 Ohio St. 702, 152 N.E. 656.
Entertaining the view that prohibition does not lie in this case for the reason that the relator has an adequate remedy at law and no constitutional right of plaintiff in error has been invaded by the statutory procedure involved, the writ was properly denied by the Court of Appeals, and its order in the premises is therefore affirmed.
Judgment affirmed.
WEYGANDT, C.J., ALLEN, STEPHENSON, JONES and MATTHIAS, JJ., concur.
KINKADE, J., not participating.