Jones, J.
 

 By two separate and independent acts, the Industrial Commission of Ohio was given jurisdiction to make and enforce orders in two distinct classes of eases. For the sake of brevity, we shall allude to one of these acts as that commonly called the “Safety Code,” of which Section 871-38, General Code, is a part. The other act covers that class of cases which deals exclusively with the Workmen’s Compensation Act embodied in Section 1465-37
 
 et seq.,
 
 General Code.
 

 In this case we confine ourselves solely to the decision of the question presented by the briefs of counsel
 
 *374
 
 on both sides, and that is whether Section'871-38, General Code, authorizes an employer to bring an action directly in this court, to set aside or vacate an order of the commission classifying occupations and fixing rates of premiums under Sections 1465-53 and 1465-54, General Code, both comprised in the Workmen’s Compensation Act. There is no doubt that Section 871-38, General Code, gives to persons aggrieved the right to review in this court an order of the commission relating to the acts specified in the ‘ ‘ Safety Code. ’ ’ But is the right of review extended to orders made, not under authority of the Safety Code, but under authority of the Workmen’s Compensation Act?
 

 Section 871-38, General Code, reads as follows: “Any employer or other person in interest being dissatisfied with
 
 any order of the commission
 
 may commence an action in the supreme court of Ohio, against the commission as defendant to set aside, vacate or amend any such order on the ground that the order is unreasonable or unlawful and the supreme court is hereby authorized and vested with exclusive jurisdiction to hear and determine such action. * * * ”
 

 Section 871-40, General Code, is of- similar import. It likewise confers exclusive jurisdiction on the Supreme Court to review, set aside or otherwise interfere with the performance of the commission’s official duties, and was fully considered by this court in
 
 State, ex rel. Nichols,
 
 v.
 
 Gregory et al., Industrial Commission,
 
 130 Ohio St., 165, 198 N. E., 182.
 

 For more than twenty years counsel, representing either an employer or an employee, have attempted to invoke the jurisdiction of this court under favor of Section 871-38, General Code, seeking to vacate or amend orders relating to the enforcement of the Workmen’s Compensation Act. The majority of those cases pertain to some act done or order made by the Industrial Commission in various proceedings involving
 
 *375
 
 claims for compensation arising out of injuries to or death of an employee.This court has consistently held that Section 871-38, General Code, cannot he employed for such purpose.
 
 Gatton v. Industrial Commission,
 
 93 Ohio St., 203, 112 N. E., 503;
 
 Pittsburgh Coal Co. v. Industrial Commission,
 
 108 Ohio St., 185, 140 N. E., 684;
 
 Slatmeyer v. Industrial Commission,
 
 115 Ohio St., 654, 155 N. E., 484;
 
 Bowes v. Industrial Commission,
 
 123 Ohio St., 155, 174 N. E., 357;
 
 State, ex rel. Nichols, v. Gregory, Industrial Commission, supra.
 

 To repeat the grounds assigned by the various judges in the course of their opinions for holding the two acts independent of one another and that the provisions of Section 871-38, General Code, can not be invoked to review the orders of the commission made under the Workmen’s Compensation Act would be a work of supererogation. The syllabus in
 
 Bowes
 
 v.
 
 Industrial Commission, supra,
 
 states the law as follows:
 

 “Section 871-38, General Code, relates tp the right of review given persons aggrieved by an order of the Industrial Commission of Ohio in reference to acts done and orders made under Sections 871-1 to 871-45, General Code, known as the ‘Safety Code,’ and may not be invoked for the purpose of reviewing an award made by the commission under the Workmen’s Compensation Act. ” (Citing cases.)
 

 The last word by this court upon the subject is contained in the opinion and syllabus set forth in
 
 State, ex rel. Nichols,
 
 v.
 
 Gregory et al., Industrial Commission, supra.
 
 In closing, the opinion states: “We therefore hold that the provisions of Section 871-40, General Code, stipulating in substance that no court of this state, except the Supreme Court to the extent specified in that act, shall have jurisdiction to review or otherwise interfere with orders of the Industrial Commission, apply, not to orders made in cases arising under the Workmen’s Compensation Law, but to orders
 
 *376
 
 made by the Industrial Commission under Sections 871-1 to 871-45, General Code, comprising the act known as the Safety Code.” That language was carried into the syllabus and concurred in by every member of this court.
 

 We have a similar statute pertaining to orders made by the Public Utilities Commission. Section 549, General Code, provides that the jurisdiction of the Supreme Court to review or otherwise interfere with the orders of the commission is exclusive; and that section of the statute was upheld by this court in
 
 Phelps, on behalf of City of Findlay, v. Ohio Bell Telephone Co.,
 
 111 Ohio St., 200, 144 N. E., 435. Why the Legislature confined to this court exclusive jurisdiction to review orders of the Public Utilities Commission and of the Industrial Commission in the enforcement of its Safety Code we do not know; but we do know that it had ample opportunity, during the many years since our former decisions were rendered, to apply the provisions of Section 871-38, General Code, to orders made under the Workmen’s Compensation Act, if it so desired.
 

 This holding makes it unnecessary to pass upon the merits of the case, although they have been argued by counsel. Suffice it to say that, if the action of the commission has been so discriminatory or arbitrary as to amount to a gross abuse of discretion or has deprived the plaintiffs of property without due recourse of law, there are judicial remedies available to them, other than that sought by this action, where such injustices may be corrected.
 

 It follows from what has been said that the demurrer of the commission must be sustained and the petition dismissed on the ground that this court has no
 
 *377
 
 .jurisdiction, under the provisions of Section 871-38, General Code, to review the action of the commission.
 

 Demurrer sustained and petition dismissed.
 

 Weygandt, 0. J., Matthias, Day, Zimmerman, Williams and Myers, J J., concur.