By the Court.
Counsel for relator in his brief states that this action is based upon Section 871-38, General Code.
The demurrer will be sustained and a writ of mandamus denied.
Section 871-38, General Code, is inapplicable. Bowes v. Industrial Commission, 123 Ohio St., 155, 174 N. E., 357; State, ex rel. Nichols, v. Gregory et al., Industrial Commission, 130 Ohio St., 165, 198 N. E., 182; U. S. *92 Wall Paper Co. v. Industrial Commission, 132 Ohio St., 372, 7 N. E. (2d), 798.
Mandamus is not a substitute for appeal. State, ex rel. Barner, v. Marsh, 120 Ohio St., 222, 165 N. E., 843.
The writ will issue to control discretion only where there is an abuse thereof (State, ex rel. Gilder, v. Industrial Commission, 100 Ohio St., 500, 127 N. E., 595; State, ex rel. Stahl, v. Industrial Commission, 135 Ohio St., 168, 20 N. E. [2d], 347); where there is a duty specially enjoined by law (Section 12283, General Code); and where there is no adequate remedy at law (Section 12287, General Code).
The Industrial Commission has exclusive authority to determine all questions within its jurisdiction State, ex rel. Depalo, v. Industrial Commission, 128 Ohio St., 410, 191 N. E., 691; Section 1465-90, General Code. The last named section provides an adequate remedy at law in the event compensation is denied upon a ground enumerated therein.

Writ denied.

Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.