By the Court.
 

 The amended petition does not allege facts which entitle the relators to the extraordinary writ of mandamus against the respondent judge. Only the following brief summary of certain allegations is necessary to demonstrate that conclusion.
 

 The present relators, as plaintiffs, brought an action against the corporations, two of the respondents here, in the Court of Common Pleas to quiet title to
 
 *548
 
 real estate. The defendants admitted generally the allegations of the petition, but asserted that by reason of an earlier judgment ownership of the building and not of the land was in the plaintiffs. Prior to the trial in the Court of Common Pleas the plaintiffs filed a motion for judgment on the pleadings, which was overruled. Upon trial, at the close of plaintiffs’ case, the court sustained defendants’ motion for judgment, found plaintiffs were owners of the dwelling and defendants were owners of the land, and enjoined plaintiffs from excavating or digging in the ground. Thereafter the plaintiffs filed a motion “for mandatory judgment upon the pleadings and evidence,” under Section 11601, General Code, “and were again arbitrarily refused their just rights in the premises.”
 

 The amended petition prays for a writ of mandamus requiring the judge of the Court of Common Pleas to quiet the title of relators, to award damages and to decide other questions in favor of relators and against the corporations.
 

 Section 12285, General Code, provides: “The writ may require an inferior tribunal to exercise its judgment, * * * but it cannot control judicial discretion. ’ ’
 

 The allegations of the amended petition bring it within the pronouncements of this court in
 
 State, ex rel. Cook, Supt.,
 
 v.
 
 Court of Common Pleas,
 
 144 Ohio St., 461, 59 N. E. (2d), 376, and
 
 State, ex rel. McCamey,
 
 v.
 
 Court of Common Pleas,
 
 141 Ohio St., 610, 49 N. E. (2d), 761, which held that a writ of mandamus should not be issued to control the discretion of a court.
 

 The relators had an adequate remedy which they could have invoked by appeal. Section 12287, General Code, provides in part that “the writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. ’ ’ The rem
 
 *549
 
 edy of mandamus may not be used as a substitute for appeal. 25 Ohio Jurisprudence, 1013, Section 34, citing
 
 Shelby, Jr.,
 
 v.
 
 Hoffman,
 
 7 Ohio St., 450;
 
 State, ex rel. Barner,
 
 v.
 
 Marsh, Clerk,
 
 120 Ohio St., 222, 165 N. E., 843; and other cases.
 

 Construing the allegations of the amended petition most favorably to the relators and treating the motions of the respondents for judgment on the pleadings as demurrers, such demurrers are sustained, further leave to plead is refused and a writ of mandajnus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.