By the Court.
 

 The respondent contends that a writ of prohibition should not be issued to prevent the execution of a ministerial act, and that the action to be taken by him in the instant case is ministerial and involves no judgment or discretion in determining whether the duty exists and he is not required or permitted to decide any question of law. In supporting that contention counsel for respondent cite
 
 State, ex rel. Voight, Jr.,
 
 v.
 
 Lueders, Probate Judge,
 
 101 Ohio St., 211, 128 N. E., 70, which held that a probate judge, acting as clerk
 
 ex officio
 
 in issuing an execution upon a judgment in his court, was exercising ministerial, and not judicial or ^itusi-judicial power.
 

 Section 4785-9, General Code, relating to the appointment of members of boards of elections, provides in part as follows:
 

 “Not more than sixty days nor less than fifteen days before the term of outgoing members expires, or within five days after a vacancy occurs, the county executive committee of the party * * * entitled to the appointment may recommend a qualified elector or electors to the Secretary' of State. He shall appoint such elector or electors, unless he shall have reason to believe that any such person would not be a compe
 
 *655
 
 tent member of such board. In such cases he shall so state in writing to the chairman of such county executive committee, with the reasons therefor, and such committee may either recommend another elector, or may apply for a writ of mandamus to the Supreme Court of Ohio to compel the Secretary of State to appoint the elector so recommended * * *. If no such recommendation is made the Secretary of State shall make the appointment.”
 

 Under the provisions of the foregoing section, the Secretary of State is not permitted to judicially decide whether a duty exists or to adjudicate questions of law. Nevertheless he is clothed with authority to determine whether a person recommended for appointment as a member of a board of elections is a qualified elector and will be a competent member of such board. Furthermore, the Secretary of State shall make the ap-' pointment if no • recommendation is made. Therefore, that officer is exercising g^asi-judicial power when using his discretion in that instance. See
 
 State, ex rel. Patton,
 
 v.
 
 Myers, Secy, of State,
 
 127 Ohio St., 95, 98, 186 N. E., 872, 90 A. L. R., 570. Consequently, the writ of prohibition may be issued in a proper case to prevent the Secretary of State from exceeding the
 
 quasi-
 
 judicial powers conferred by Section 4785-9, General Code.
 

 That section does not require the executive committee to meet at any given time but gives to the executive committee authority to recommend a qualified elector or electors to the Secretary of State within the time limits provided therein, directs him to appoint such elector or electors and prescribes the procedure in the event he declines to appoint an elector recommended. The concluding sentence requires the Secretary of State to make the appointment if no' recommendation is made.
 

 
 *656
 
 The petition in the instant case does not allege Scheu is not a qualified elector or that he is not a member of the Democratic party.
 

 If the executive committee had made no recommendation within the time limits set forth in that section, the Secretary of State was empowered to make an appointment and he could have named Scheu or any other qualified elector of Summit county who was a member of the Democratic party.
 

 Authority to appoint being vested in the Secretary of State by statute, a writ of prohibition will not issue to control the exercise of discretion by him.
 
 State, ex rel. Firestone Tire & Rubber Co.,
 
 v.
 
 Duffy et al., Indus. Comm.,
 
 114 Ohio St., 702, 152 N. E., 656.
 

 The demurrer to the petition is sustained and a writ of prohibition is denied.
 

 Writ denied.
 

 Zimmerman, Bell, Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., concurs in the judgment.
 

 Weygandt, C. J., not participating.