Per Curiam.

Cooley Ellis, relator, brings in this court an action in procedendo against respondents, Joy Seth Hurd, Julius M. Kovacby and Lee E. Skeel, judges of the Eighth District Court of Appeals sitting by designation on the Sixth District Court of Appeals, to require them to strike from the record all proceedings in the case of Ellis v. Ohio Turnpike Commission, No. 177995 in the Court of Common Pleas, No. 4757 in the Court of Appeals, and No. 33868 in the Supreme Court, subsequent to the issuance of the mandate of this court, dated June 10, 1954 (See 162 Ohio St., 86, 120 N. E. [2d], 719), and to remand such cause without delay to the Court of Common Pleas of Lucas County for trial upon its merits.
The petition prays further that causes Nos. 34430 and 34431 in this court and entitled Ohio Turnpike Commission v. Ellis be dismissed, and that the judgments rendered therein be stricken from the record; that property of the relator taken by the Ohio Turnpike Commission be returned to him; and that all matters relating to the appropriation of relator’s land by the Ohio Turnpike Commission be stayed until the trial and disposition of cause numbered 177995 in the Court of Common Pleas of Lucas County.
A demurrer to the petition has been interposed upon the ground that such petition does not state facts which show a cause of action.
The relator asserts that the prayer of his petition should be granted to enable him to raise and litigate issues embracing the constitutionality of the Turnpike Act, the propriety of *404 taking abutter’s rights and other property rights in addition to a right of way, the necessity for the taking of his property, and other related questions.
In the opinion of this court the demurrer is well taken.
Some of the matters to which the relator refers have already been litigated and finally disposed of; others might perhaps be the subject of further litigation in an action or actions initiated in the Court of Common Pleas having jurisdiction.
An action in procedendo in this court to accomplish the objects described is not appropriate or maintainable. It is well established that such an action “cannot be made the instrumentality of review.” State, ex rel. Barner, v. Marsh, Clerk of Courts, 120 Ohio St., 222, 224, 165 N. E., 843.
The demurrer to the petition is sustained, and the petition . is dismissed.

Demurrer sustained and petition dismissed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.