THE STATE, EX REL. WOLFE, *v.* CLOSE, JUDGE.

[Cite as State, ex rel. Wolfe, *v.* Close (1990), 50 Ohio St. 3d 268.]

(No. 89-2035—Submitted February 20, 1990—Decided April 25, 1990.)

*Eric P. Rotondo,* for relator.

*Michael Miller,* prosecuting attorney, *Carol Hamilton O'Brien* and *William J. Owen,* for respondent.

*Per Curiam.* A common element for issuance of a writ of prohibition and writ of mandamus is that the relator have no adequate legal remedy. *State, ex rel. GMS Management Co.,* v. *Callahan* (1989), 45 Ohio St. 3d 51, 543 N.E. 2d 483; *State, ex rel. Smith,* v. *Avellone* (1987), 31 Ohio St. 3d 6, 31

OBR 5, 508 N.E. 2d 162. We find that Wolfe has an adequate remedy and hereby grant the motion for summary judgment.

Wolfe claims that since he was never a party to the nuisance action, sanctions such as the tax and padlocking cannot be enforced against him or his property, particularly when he has ousted the tenant responsible for the nuisance, as permitted under R.C. 3767.10. However, R.C. 3767.04 and 3767.06 clearly contemplate the imposition of sanctions affecting an owner not charged with maintaining a nuisance and provide a remedy for such an owner. R.C. 3767.04 provides in part:

"* * * The owner of any real or personal property closed or restrained or to be closed or restrained may appear between the filing of the petition and the hearing on the application for a permanent injunction and, upon payment of all costs incurred and upon the filing of a bond by the owner of the real property with sureties to be approved by the clerk in the full value of the property to be ascertained by the court, or, in vacation, by the judge, conditioned that such owner will immediately abate the nuisance and prevent the same from being established or kept until the decision of the court or judge is rendered on the application for a permanent injunction, then the court, or judge in vacation, if satisfied of the good faith of the owner of the real property and of innocence on the part of any owner of the personal property of any knowledge of the use of such personal property as a nuisance and that, with reasonable care and diligence, such owner could not have known thereof, shall deliver such real or personal property, or both, to the respective owners thereof, and discharge or refrain from issuing at the time of the hearing on the application for the temporary injunction any order closing such real property or restraining the removal or interference with such personal property. * * *"

R.C. 3767.06 provides in part:

"If the existence of a nuisance is admitted or established in an action as provided in sections 3767.01 to 3767.11, inclusive, of the Revised Code, or in a criminal proceeding, an order of abatement shall be entered as a part of the judgment in the case, which order shall direct the removal from the place of all personal property and contents used in conducting the nuisance, and not already released under authority of the court as provided in section 3767.04 of the Revised Code, and shall direct the sale of such thereof as belong to the defendants notified or appearing, in the manner provided for the sale of chattels under execution. Such order shall also require the renewal for one year of any bond furnished by the owner of the real property, as provided in section 3767.04 of the Revised Code, or, if not so furnished shall continue for one year any closing order issued at the time of granting the temporary injunction, or, if no such closing order was then issued, shall include an order directing the effectual closing of the place against its use for any purpose, and keeping it closed for a period of one year unless sooner released. *The owner of any place closed and not released under bond may then appear and obtain such release in the manner and upon fulfilling the requirements provided in section 3767.04 of the Revised Code. * * *"* (Emphasis added.)

Under these statutes, an owner may obtain relief during the pendency of and after the closure action. Had Wolfe appeared during the pendency of the action he might have also

avoided the tax lien under R.C. 3767.08, which provides in part:

"* * * Such tax may not be imposed upon * * * the real property or against the owner thereof who shows to the satisfaction of the court or judge thereof at the time of the granting of the permanent injunction, that he has, in good faith, permanently abated the nuisance complained of. * * *"

Statutory remedies may be plain and adequate remedies in the ordinary course of law that will prevent issuance of writs of prohibition and mandamus. *State, ex. rel. Insley,* v. *Stokes Twp. Bd. of Edn.* (1933), 126 Ohio St. 330, 185 N.E. 419; *State, ex rel. Ronald, Inc.,* v. *Willoughby* (1959), 170 Ohio St. 39, 9 O.O. 2d 386, 161 N.E. 2d 890. Here, Wolfe had, and has yet, a statutory right to appear and obtain the relief he seeks under R.C. 3767.06, and if he fails to obtain it, to appeal. We hold that this is a plain and adequate remedy in the ordinary course of law that will foreclose issuance of either a writ of prohibition or a writ of mandamus. Accordingly, we grant respondent's motion for summary judgment and deny the writs.

*Writs denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.